Fisher *v.* Fredenhall.

FISHER *vs.* FREDENHALL.

Where a vendor seeks to avoid a contract of sale, on account of the fraud of the purchaser, he must, in order to recover, show that he has returned, or tendered, the consideration received from the purchaser.

And such return or tender must be made promptly. A delay of four years will be held a confirmation of the contract.

Where a complaint alleged that the plaintiff sold a horse to the defendant, and received in consideration therefor a promissory note made by one W., the defendant warranting that W. was responsible and the note collectable; and the plaintiff averred that W. was insolvent, and demanded judgment for the amount of the note; *Held,* that the action was to be regarded as brought to recover on the *contract,* and that consequently the plaintiff could not recover on the ground of *fraud* in the transfer of the note.

THIS action was commenced before a justice of the peace. The plaintiff, in his complaint, alleged that the defendant was justly indebted to him in the sum of $55, for a certain horse which the plaintiff sold and delivered to the defendant, at the town of Schoharie, in February, 1849; and also in the further sum of $5, for so much money lent and advanced by the plaintiff to the defendant, at the defendant's request, and for money lent the defendant in the year 1849, and had and received to and for the use of the plaintiff. And the plaintiff further alleged, that in or about the month of February, 1849, in consideration that the plaintiff sold and delivered to the defendant a certain horse, and also paid the defendant $5 in money, the defendant transferred and delivered to the plaintiff a certain promissory note made by Jacob D. Woolford for $60, bearing

Fisher *v.* Fredenhall.

date December 8th, 1848, payable to the said defendant or bearer by the first of April (then) next. And that the defendant, in consideration aforesaid, represented to the plaintiff and promised him that the said Jacob D. Woolford, the maker of the note, was responsible; that he, the said Woolford, had property, and was abundantly able to pay said note; that said Woolford would pay said note, and that the same could be collected by due course of law of him. And the plaintiff alleged that, on the contrary, the said Woolford was not responsible at the time the defendant transferred said note to him, nor had said Woolford then nor since sufficient property to pay said note, or from which the same could be collected; but that Woolford was then, and had ever since been, wholly insolvent, irresponsible, and that said note and no part thereof could be collected by due course of law. Therefore, the plaintiff demanded judgment against the defendant for $60 and interest thereon from the 8th December, 1848, and costs.

The answer contained a general denial of the allegations in the complaint.

The testimony of Horace Fanning showed that in February or March, 1849, the defendant bargained with the plaintiff for a colt, for which, and $5 in cash, he gave the plaintiff a note against Jacob D. Woolford. And that as part of the transaction, and as an inducement to the plaintiff to enter into it, the defendant assured the plaintiff that the maker of the note *was good*, or *perfectly good*. The testimony of Elisha Garnsey showed that three or four years before trial, and in the summer or fall of 1849, the defendant boasted to the witness that he had made *a good bargain*. That he had got the colt for the note, by Fisher, the plaintiff, giving him a little something, and *that he did not consider the note worth much*. The other testimony in the case showed that at the time of the transfer of the note to the plaintiff the maker was reputed to be insolvent, and that he was insolvent.

The plaintiff recovered a judgment, before the justice, for $70.96. The defendant appealed to the county court, and he

being related. to the county judge, the cause was certified into this court, and the appeal was heard here.

*C. G. Clark,* for the appellant;

*R. Brewster,* for the respondent.

*By the Court,* PARKER, P. J. The complaint includes counts for a horse sold, and for money lent, had and received, &c. Also a count alleging that the plaintiff sold a horse to the defendant and received in consideration a note for $60, against Jacob D. Woolford, and that the defendant warranted that Woolford was responsible and the note collectable. The answer was a general denial. In the pleadings there is no suggestion of fraud ; the plaintiff seeks only to recover on contract, and the cause was evidently tried under that view of the case.

It is insisted by the plaintiff's counsel that, under his first count, for a sale of the horse, he may treat the transfer to him of the note as tainted with fraud, and therefore a nullity. But the proof will support no such claim. If the plaintiff had a right to avoid the contract, for fraud, he could not maintain an action until he had tendered back the note. (1 *Hill,* 304. 1 *Denio,* 69. 2 *id.* 136. 13 *Barb.* 641.) And that should have been promptly done. A delay of four years was a confirmation of the contract. (2 *Denio,* 138.)

Regarding the action as brought to recover on the contract, there are several insuperable objections to a recovery. It is enough, however, to point out one, which is decisive of this case. The plaintiff was permitted by the justice to prove the insolvency of Woolford by reputation. This was clearly erroneous, and the judgment of the justice must be reversed.

[ALBANY GENERAL TERM, September 3, 1855. *Parker, Wright* and *Watson,* Justices.