LOUIS KRENDER *v.* HENRY H. WOOLCOTT and others.

An agreement to forward goods, marked for a particular destination, is discharged by shipping them, by the usual or most direct conveyance, to the place designated.(*a*)

But it is otherwise on an agreement to forward them to the place of their destination, the charge for freight for the whole distance being fixed and specified in the agreement. In such case, the parties making it are liable as common carriers for the safe carriage and final delivery of the goods at the place of their final destination, although it is at a point beyond the usual terminus of the carrier's route.(*b*)

A common carrier, having received goods for transportation and given a bill of lading therefor, specifying the name of the consignee to whom the goods are to be delivered, is responsible for the safe delivery of the goods, and, if necessary for that purpose, is bound to see that they are properly marked.

---

(*a*) Compare *Joseph J. Dillon* v. *The N. Y. & Erie R. R. Co., post,* p. 231.

(*b*) But see *Franklin W. Hunt* v. *The N. Y. & Erie R. R. Co., post,* p. 228.

APPEAL by defendants from a judgment of the Marine Court. This action was brought against the defendants as common carriers, to recover for the loss of twenty-three boxes of Hock wine. The defendants constitute the Union Transportation Company; they received the goods in question at New York, to transport to St. Louis, Mo., and gave the following bill of lading for them:

1853.

Union Transportation Co.    By Erie Canal.

Mark Packages U. T. Co., and ship by Swiftsure Towboats, foot of Broad street.

*Proprietors.*

H. H. Woolcott & Co., N. York.    B. A. Root & Co., Albany.
Davis & Sutton, Buffalo.         A. G. Morgan, Buffalo.

H. H. Woolcott & Co., ⎫            Apply to
Tim. O'Connell,       ⎬ 113 Broad st., New York (lower floor).

Contents of Packages unknown.

" C. W. L."
for Metzer & Lange,
St. Louis, Mo.
Care Gilbert Knapp, Jr.,
St. Louis.

New York, Sept. 7th, 1853. Received from Messrs. W. & B. Lange the following packages (contents unknown), in apparent good order, viz.: twenty-three boxes m'dse, No. 44 to 63 and 65 to 67. Freight 1.00 per 100 lbs., subject to rise in Ill. river. Frt. over 15c. per 100 lbs.

Marked and numbered as per margin, which we agree to forward from New York to St. Louis. Said Union Transportation Company shall not be held accountable for the dangers of the seas, lakes, rivers, fire, breakage of looking-glasses or marble, leakage of oil or other liquids, or loss of nuts or shot, if shipped in bags; nor for any damage or deficiency in packages of goods, if receipted at St. Louis in good order. Should a loss of any of said goods occur upon the lakes or rivers connected therewith, the charges to and at Buffalo shall be paid by the owner of said

goods, and any insurance effected upon said goods, for the benefit of the owner or shipper, shall be also for the benefit of said Union Transportation Company.

(Signed)        T. O'CONNELL, Agent.

The goods thus receipted for were never delivered in St. Louis to the consignees there. The reasons of the defendants' failure to make such a delivery are fully stated in the opinion of the court. The defendants claimed, under this bill of lading, to be liable only as forwarders. Judgment was rendered against them in the Marine Court, and from that judgment they appealed.

*J. N. Balestier*, for the appellants.

*F. A. Stallknecht and St. Clair Smith*, for the respondent.

DALY, J.—The firm of W. & B. Lange imported twenty-three cases of wine. They were taken from the vessel in which they arrived from Europe, and were put on board one of the towboats of the Swiftsure Line. When the cases were delivered on board the towboat, an order upon the inspector of the vessel in which they were imported, in these words:

"Sir—You will please send No. 44, one case, to W. B. Lange, 'C. W. L.,' pier 1 N. R., No. 44 to 63, 65 to 67, twenty-three cases, to the Swiftsure towboat, foot of Broad street, and hand the receipt to        W. & B. LANGE:

was handed to the receiving clerk of the Swiftsure Line, and he endorsed upon it,

"Rec'd, on barge M. Barnes, 23 boxes, Sept. 1, '55.  BOYD."

Emilie Lange, of the firm of W. & B. Lange, of St. Louis, Mo., then went to the office of the defendants, who are the agents of the Union Transportation Line, and shipped the wine from New York to St. Louis. The defendants signed a bill of lading, by which they agreed to forward the twenty-three boxes to St. Louis for a certain sum or charge for freight, which was speci

fied.  E. Lange asked them who was their agent in St. Louis; and they told him it was Gilbert Knapp, Jr.  When the bill of lading was made out by the defendants, it may fairly be presumed that the order and receipt above set forth were produced to them, as the receiving clerk of the Swiftsure Line testified that the bill of lading is usually made from the cart receipt. The bill of lading is for " twenty-three boxes m'dse, No. 44 to 63 and 65 to 67."  E. Lange testified that some one in the office put the name of Knapp on the bill, and in the margin of the bill is the following entry : " C. W. L.  For Metzer & Lange, St. Louis, Mo.  Care Gilbert Knapp, Jr., St. Louis."  It is insisted, on the part of the appellants, that the cases were marked W. C. L., and that the entry C. W. L. on the bill of lading was erroneous; but there is nothing in the evidence to warrant such an assumption.  The bill in this respect corresponded with the cart receipt, and from the receipt endorsed by Boyd, the receiving clerk of the Swiftsure Line, on the order handed to him, the mark in which was C. W. L., and not W. C. L., and his statement on the trial that he supposed the twenty-three boxes were those alluded to in the order over his receipt, and that it is always considered that the goods shall be marked according to receipts by the shippers, it will be inferred, whatever the fact may have been, that the boxes were marked as in the cart receipt.  It will be presumed, in the absence of any other evidence of what mark was on the boxes, that Boyd would not have endorsed his receipt upon an order containing the mark C. W. L., if the boxes were marked differently.  It, moreover, appeared that the bill of lading from Lasalle, Illinois, to St. Louis, described them as marked C. W. L.

The cases were shipped on the 7th Sept., 1853, and in the same fall they were received and shipped by Geo. M. Howe, of Lasalle, Illinois, on board the steamer Excel, plying on the Illinois river, and were brought by that boat to St. Louis. As the captain of the boat could not ascertain by whom they were shipped from New York, nor to whom they were shipped in St. Louis, for the only mark upon them was three letters, he

placed them on storage with an auction firm in St. Louis. He made diligent efforts to find the consignees, but without success, and then had them advertised for one month, in a newspaper published in English in St. Louis; after which he advertised them for another month, in a newspaper published in German, in the same place; and, no one appearing to claim them, they were sold at public auction, to pay freight and charges.

W. & B. Lange sent the bill of lading received by them to E. Lange, of the firm of Lange & Metzer, in St. Louis, and E. Lange called several times on Gilbert Knapp, Jr., in St. Louis, but could learn nothing of the goods. On the 31st of December, 1853, Knapp's clerk gave him a memorandum to the effect that the boxes had arrived, and Lange transmitted it to W. & B. Lange, the consignors. After Lange had called upon him, Knapp made inquiries in relation to the cases, and ascertained that they had been sold, and the proceeds, after deducting the charges of the auctioneer, had been paid to the owner of the steamer that brought them to St. Louis. The plaintiff is the assignee of W. & B. Lange.

Upon this state of facts, there can be no doubt of the plaintiff's right to recover. The agreement in the bill of lading to forward the goods from New York to St. Louis, and the specification in the bill of the amount of freight for the whole distance, show that the defendants undertook, as common carriers, to deliver the goods in St. Louis. *Wilcox* v. *Parmelee*, 3 Sand. S. C. 610; *Weed* v. *The Saratoga and Schenectady Railroad Co.*, 19 Wend. 534; *Hart* v. *The Rensselaer and Saratoga Railroad Co.*, 4 Seld. 37. The defendants were not forwarders, but carriers. 2 Kernan, 343. A simple engagement to forward goods at New York, marked for a particular destination, is discharged by shipping the goods, by the usual or most direct conveyance, to the place designated; but an agreement to forward them from New York to the place of destination, the charge for freight for the whole distance being specified in the agreement, is very different. It is an agreement to carry them for that distance, or to be

responsible for their safe carriage and delivery at the place designated in the agreement.

The defendants told the shippers that Gilbert Knapp, Jr., was their agent at St. Louis, and from their own testimony it appeared that they were in the habit of consigning freight to him. By putting his name in the bill of lading, they made him the intermediate consignee at St. Louis, and they told' E. Lange to call upon him at St. Louis to learn about the goods. Lange did so, and did all that was incumbent upon the shippers to do. It was the duty of the defendants to see that the goods were duly delivered to Knapp at St. Louis, or at least to have advised him in time, that the goods were shipped to his care. If they had so advised him, it may fairly be presumed that the goods would not have been sold for the payment of charges. They engaged to carry the goods as they were marked. The initials C. W. L., in the margin of the bill of lading, are placed between quotation. marks, sufficiently indicating the mark upon the goods, and that the defendants knew they were not marked to Lange & Metzer, or to the care of G. Knapp, Jr. If the defendants were not satisfied to carry them thus marked, they should have said so. They therefore engaged · to carry the cases, marked as they were, and deliver them to Knapp, at St. Louis; and, having failed to do so, are liable for the value of the goods.

Judgment affirmed.