JOSEPH J. DILLON *v.* THE NEW YORK AND ERIE RAILROAD COMPANY.

The New York and Erie Railroad Company received goods for transportation directed to a point beyond the terminus of their route, and known to be so by the shipper.

At the time of receiving them the agent of the company told the shipper that it would be unnecessary for him to have any one at the terminus to receive the goods, but that they would be shipped right through to the place of their ultimate destination. There being no evidence that the company received, or agreed to receive, freight for the entire distance,—*Held*,

I. That the company were not liable, as common carriers, for the safe carriage and the delivery of the goods at their final destination. They were liable, as common carriers only, to the terminus of their road, and thereafter their liability was that of forwarders.

II. That their duty as forwarders was fulfilled by their delivering the goods at their terminus to a transportation line engaged in transporting merchandise to the place to which the goods were directed.(a)

The difference between common carriers and forwarders considered, and their respective duties and liabilities compared.

APPEAL by defendants from a judgment of the Marine Court. The action was brought by the plaintiff as assignor of one Nicholas A. Knox, to recover damages against the defendants as common carriers, for the loss of merchandise, consisting of two half pipes of brandy, delivered to the defendants for transportation, directed to St. Paul, Minnesota. The goods were safely carried by the defendants to Dunkirk, the terminus of their road. They were there delivered to a transportation line connected with the defendants' road, and engaged in transporting merchandise from Dunkirk towards St. Paul. They never, however, arrived at St. Paul. There was no evidence as to whether the defendants received freight for the entire distance, or only for transportation over their own road. The Marine Court gave judgment for the plaintiff, and the defendants appealed. The facts upon which the plaintiff relied to hold the defendants liable are fully stated in the opinion of the court.

*Eaton and Davis*, for the appellants.

*Calvin Noyes*, for the respondent.

DALY, J.—This was an action to recover the value of two

(a) Compare *Louis Krender* v. *Henry H. Woolcott and others*, *ante*, p. 223.

half pipes of brandy. They were delivered to the defendants, who gave a receipt for them in these words:

"New York, 13th April, 1854. Received of James Auchincloss, in good order, per New York and Erie Railroad, two half pipes of brandy, marked Nicholas A. Knox, St. Paul, Minnesota Terr. Care B. H. Campbell, Galena, Ills."

Knox, the owner of the brandy, directed it to be shipped according to the receipt. Before shipping it, he asked the general freight agent of the defendants, if it was necessary to have an agent at the terminus of their road, or at Chicago, to receive it of an attache of the road. The agent said it would be unnecessary, the pipes would be shipped right on through; Knox then told him how they were directed, and the agent said, "That is all that is necessary: they will be forwarded on to you." It further appeared, from a written stipulation entered into upon the trial, that the goods were carried by the defendants to Dunkirk, the western terminus of their road, and there, in the usual course of transportation, delivered to a transportation line or company, connected with the defendants' road, and engaged in transporting merchandise from that place towards the place of their destination, according to the custom and usage in respect to the transportation of merchandise.

There was nothing in the evidence to warrant the court below in finding that the defendants undertook to carry the brandy to the place of destination. They merely engaged to carry it to Dunkirk, the terminus of their road, and to ship it, or forward it from there by the usual line of conveyance to Galena, the place of destination, and this they did. Their liability, as common carriers, ceased at Dunkirk, and they then assumed the character of forwarders. *Van Santvoord* v. *St. John*, 6 Hill, 158; *Farmers' and Merchants' Bank* v. *Champlain Transportation Co.*, 16 Verm. 62; 18 id. 131; *Howe* v. *The New York and New Haven Railroad Co.*, 22 Conn. 1; *Nutting* v. *Connecticut River Railroad Co.*, 1 Gray, 502; 1 Parsons on Contracts, note *p*, 661. In *Weed* v. *Saratoga and Schenectady Railroad Co.* (19 Wend. 534), the

two lines were connected together by an arrangement between themselves, and the defendants took the pay in advance of the conveyance of the plaintiff and his baggage for the whole distance. Such was also the case in *Hart* v. *The Rensselaer and Saratoga Railroad Co.* (4 Seld. 37), and in *Wilcox* v. *Parmelee* (3 Sandf. 610), the defendant agreed, in writing, to forward the goods of the plaintiff, from New York to Fairport, to the close of the season, at a certain rate per 100 lbs., and the court, though the word *forward* was used, held that this was an agreement, in substance, to carry the whole distance for a specified price. In these cases the carrier received, or it was agreed that he should receive, the amount paid for transport to the place of destination; and thus, having received, or contracted to receive, the full reward, he was bound to perform the entire service. But nothing of the kind appeared in this case. The inquiry made by Knox showed that he knew that the defendants' road terminated at Dunkirk. He merely asked if it would be necessary to have an agent at that place, or at Chicago, to receive the goods, and was told that it would not; that the goods would be "shipped right on through;" that they would be forwarded on to him; that the direction on the goods was all that was necessary; and what the defendants engaged to do upon the arrival of the goods at Dunkirk they did, by delivering them to a transportation line engaged in transporting merchandise from Dunkirk to the place where the goods were directed. The reply to Knox by the freight agent, that it would be unnecessary to have an agent to receive the goods at Chicago, that they would be shipped right on through, was, as respects anything beyond the terminus of his own road, but the expression of an opinion or belief that the goods would be duly forwarded, upon arriving at Chicago, to the place to which they were destined, and cannot be construed as an engagement or undertaking on his part, on behalf of the defendants, to carry them, or to be responsible for their carriage, to the ultimate place of destination.

Judgment reversed.