in the usual manner and with the usual covenants to assure the title.

The order overruling the demurrer should be affirmed, with costs.

[Kings General Term, March 9, 1864.    *Brown, Lott* and *Scrugham,* Justices.]

In the matter of Bornsdorff and others *vs.* Lord, ex'r &c.

Prior to the code there were known in the equity practice two modes of proceeding to revive a suit; one under the revised statutes, in the cases provided for by it, by summary application founded on petition or affidavit; and one by filing a bill of revivor.

The revivor on motion, under section 121 of the code, although it has a wider range as to the cases in which it is applicable and necessary, and has a more limited period within which the motion can be made, still, in effect, stands in the place of the summary application, and the supplemental complaint stands in the place of a bill of revivor.

And as under the former practice it was not necessary to obtain from the court leave to file a bill of revivor, so it is now unnecessary to apply to the court, by motion, for leave to continue the action against the executor of a deceased defendant, by filing a supplemental complaint; although more than a year has elapsed since the death of the party.    Clerke, J. dissented.

APPEAL from an order made at a special term, denying the motion of the plaintiff for leave to continue the action against the executor of the defendant, who had died, by filing a supplemental complaint.

Barnard, J.   The notice of motion in this case is for an order giving leave to the plaintiff to continue the action against the executor of the deceased defendant by filing a supplemental complaint.   The motion was not made till after the expiration of a year subsequent to the death; and was denied at special term.

From the notice it is evident that the motion was in effect a motion to be allowed to continue the action.   Such a motion cannot be entertained after the expiration of a year from the death.   (*Code,* § 121.)

It is claimed, however, that in this case the fact of judgment having been entered against the defendant, and subsequently set aside on the ground that it was so entered after the defendant's death, either prevented the year from commencing to run till after the judgment was set aside, or formed an excuse for not making a motion during that period. The section however is absolute and peremptory that the motion must be made within a year after the death. The language of the section, so far as this is concerned, is clear, explicit and unambiguous. There is no rule by which the court can construe this language into authority to deduct out of the period which may have elapsed between the death and the motion any portion thereof for any cause whatever, or to say that the year shall begin to run from any period other than that of the death of the party, or to allow of any excuse for not making the motion within the year.

But regarding the motion as one simply for leave to file a supplemental complaint to continue the action, the question arises whether in that view it is necessary or proper to apply to the court for leave to file a supplemental complaint. The appellant contends that it is necessary to make such application, and cites in support of his position, *Greene* v. *Bates*, (7 *How. Pr. Rep.* 296;) *Chapman* v. *Foster*, (15 *id.* 241;) *Coon* v. *Knapp*, (13 *id.* 175;) *Gordon* v. *Sterling*, (13 *How.* 405;) *Johnson* v. *Williams*, (2 *Abb.* 229.)

In the cases of *Coon* v. *Knapp* and *Gordon* v. *Sterling* no question was raised as to the practice to be pursued in filing a supplemental complaint under section 121, and the opinions of the court do not in the slightest degree touch on the practice to be pursued in such case.

The case of *Chapman* v. *Foster* was a motion made by the defendant Foster to dismiss the complaint because the plaintiff had not revived the action against the representatives of a deceased co-defendant. This motion only raised the question whether the defendant Foster had a right to make such motion. The court held he had. In the course of the opin-

ion the court incidentally say the plaintiff must obtain leave to file a supplemental complaint on a motion made for that purpose. This point however was not before the court for decision, nor was it necessary for the decision of the case. It is a mere *obiter dictum*, and was evidently made without any consideration of the point.

The case of *Greene* v. *Bates* appears also to be a case where the defendant moved to dismiss the complaint because the representatives of a deceased plaintiff had failed to continue the action. The only questions were whether a defendant could make such a motion, or whether he could move to revive the suit by making parties the representatives of the deceased party. The court held that he could do neither, but that the course to be pursued in such case was to have an order entered, requiring the plaintiff, in case of the death of a defendant, or the representatives of the plaintiff in case of the death of the plaintiff, to file a supplemental complaint of revivor within a certain specified time; or that in default thereof the complaint be dismissed. The judge in his opinion says, it is true the time has gone by when an order continuing the suit may be made, but it may be made on an application and leave obtained to file a supplemental complaint. The judge then proceeds: " The code is entirely silent as to the practice to be pursued in such a case when the suit has been suspended over a year after the death of the party, except that it must be continued on a supplemental complaint when the plaintiff applies to continue it after the year has gone by. I am of opinion however that we must regard the former practice in chancery as furnishing the mode of proceeding in such case." It is evident that when the judge spoke of making application and obtaining leave to file a supplemental complaint, his attention had not been drawn to the former chancery practice on the subject, nor to a due consideration of the practice now to be pursued in such case.

The cases of *Johnson* v. *Williams* and *Williams* v. *Johnson*, (2 *Abb. Pr. Rep.* 229,) were cross suits, and it was held

at the special term of this district, that " From the language of section 121 it is evident that the permission of the court, on motion, to continue the action, must be obtained whether the continuance of it is sought within or after the expiration of the year."

The language of this section, however, in our view clearly establishes two modes of proceeding; one by motion and one by supplemental complaint. It says within a year, the court on motion, after a year, on supplemental complaint. This is a clear antithesis. The language is not that within a year the court may on motion allow a continuance, and after a year may on motion allow a supplemental complaint to be filed; but it is that after a year the court on a supplemental complaint may allow, &c. This does not authorize the court to entertain a motion for leave to file a supplemental complaint; nor does it require such motion to be made. The plaintiff has as clear a right to present his supplemental complaint without asking leave of the court to do so, as he has to make a motion within the year without previously obtaining leave so to do. Neither in the one case does the making the motion, nor in the other the presenting of the supplemental complaint, revive the action of itself; the order of the court to that effect must be obtained.

The mode of obtaining such order under this section within the year is clear. It can be done on motion, or in other words the plaintiff can make a motion for the order, and if the court on hearing both sides sees proper to continue the action it grants the order, the same as on any other motion; but after the expiration of the year the section does not permit a motion; for when it says the motion may be made within one year it is a clear exclusion of authority to make it after that time. To say that the court may after the year allow the action to be continued on a motion made upon a supplemental complaint, would be to ignore the section, and to allow an action to be continued on motion after the year; for it is manifest that it makes no difference what name is

In the matter of Bornsdorff v. Lord.

given to the paper on which the motion is founded, whether it is called affidavit, petition or complaint, the substance being the same. It is still but a motion, and the relief obtained is obtained iñ the same manner and by the same proceedings as the relief is obtained on an ordinary motion made on affidavits. It has already been observed that the language of the section, neither by its express terms nor by any reasonable construction, authorizes or requires a motion for leave to file a supplemental complaint of revivor.

Thus then we see that, so far as the language of the section is concerned, neither a motion to continue nor a motion for leave to file a supplemental complaint is authorized or required after the expiration of the year.

But it will be asked how is the court to allow an action to be continued on supplemental complaint after the year ? By reference to the law and practice as it stood prior to the code, and to different modes of proceeding on motion, and on bills of revivor which were well understood and recognized at the time of the passage of the code, the answer to this question is plain. Prior to the code there were known in equity practice two modes of proceeding to revive a suit; one under the revised statutes in the cases provided for by it, by summary application founded on petition or affidavit, and one by filing a bill of revivor. The revivor on motion under section 121, although it has a wider range as to the cases in which it is applicable and necessary, and has a more limited period within which the motion can be made, still, in effect, stands in the place of this summary application, and the supplemental complaint stands in the place of a bill of revivor.

Again ; a proceeding by motion was always understood as a summary application on notice to the opposite party, founded on petition or affidavit, for the relief granted, which application was opposed on affidavits setting forth substantially the grounds of opposition ; whereas a proceeding by a bill of revivor was in the nature of an action, in which the defendant set up his objections to a revivor by demurrer, plea or answer,

and the issue made by the bill, demurrer, plea or answer was heard and decided as solemnly as any other issue joined.

There can be no question but the word "complaint," as used in section 121, is used as synonymous with the old terms of "bill" and "declaration." Construing the section then by the light of the practice formerly existing and the then acknowledged distinction between proceeding by "motion" and by "bill," the result follows that the practice upon proceeding by supplemental complaint under this section is the same as obtained formerly upon a bill of revivor, since the code contains no provisions either regulating the practice on such a complaint, or inconsistent with the former practice on bills of this character. Now as the law stood prior to the code it was not necessary to obtain leave of the court to file a bill of revivor. (2 *Barb. Chan. Pr.* 48. 3 *Paige*, 206.)

Indeed a motion for such leave would be supererogatory. The object of filing the complaint is to bring into court the parties against whom the suit is to be revived. If they did not contest the propriety of the revival, an order of revival was entered of course, *pro confesso*, but if they did litigate then they presented their objections by demurrer, plea or answer, forming an issue which was tried and disposed of in the regular way.

This being the object of and course of proceeding on a bill of revivor, the court certainly would not on a motion for leave to file such a bill, hear any objections to the filing of the bill, for that would be to prejudge the issue to be tried; and unless they did hear such objections a motion would be of no practical use. It was therefore settled that it was not necessary to obtain leave to file such a bill.

The framers of the section in question certainly did not intend to allow an action to be revived on summary application irrespective of the time when such application should be made. If such had been their intention they would have left out all that is said about supplemental complaint. Yet the construction contended for by the respondent would

In the matter of Bornsdorff v. Lord.

make such to be their intention, since it is obvious that the application is equally summary if made on a motion founded on a paper called a supplemental complaint as if made on a paper called a petition or an affidavit. A substantial difference was intended, and not a mere difference of nomenclature.

The framers of the section no doubt had in view the old distinction of proceeding by motion, and by bill of revivor, and meant to adopt it. Thus then we see that neither by the section itself, nor by the practice as it existed before the code, was a motion for leave to file a bill of revival necessary or proper.

The order below must be affirmed, with costs of appeal.

SUTHERLAND, J. concurred.

CLERKE, J. (dissenting.) I still adhere to the view taken by me in *Johnson* v. *Williams*, (2 *Abb. Pr. Rep.* 229.) I think the codifiers intended to alter the practice of the court of chancery in this respect, and that the party should obtain the permission of the court before he continues his action by a supplemental complaint. There is no doubt a want of accuracy in the language employed. But I think it means that within the year the court may, on a motion founded on an affidavit, allow the action to be continued, and after the expiration of the year, on a motion founded on the intended supplemental complaint. The permission of the court, first, seems to be indispensable from the whole tenor of the section; and if this is so, the above interpretation is the only one consistent with such an intention.

Order affirmed.

[NEW YORK GENERAL TERM, May 4, 1863. *Sutherland, Clerke* and *Barnard,* Justices.]