## ROACH vs. LAFARGE.

The filing of a supplemental complaint for the purpose of reviving an action is a matter of right. A motion for leave to file such a complaint is unnecessary and improper.

THIS was a motion made at a special term by the plaintiff, for leave to file a supplemental complaint for the purpose of reviving the action. The motion was denied, at special term, and an appeal taken from the order entered on such denial.

GEO. G. BARNARD, J. In the *Matter of Borsdorff*, (17 *Abb. Pr. Rep.* 168,) the general term of this district decided that the filing of a supplemental complaint for this purpose was a matter of right; and that a motion for leave to file such complaint was unnecessary and improper. I think the decision in the *Borsdorff* case was correct, and see no reason for departing from it; the filing of a supplemental complaint by the plaintiff, for the purpose of reviving an action, being a matter of right.

The order should be affirmed, on the ground that the motion was unnecessary and improper.

LEONARD P. J. The code, § 121, has introduced a form unknown to the practice of the late court of chancery, and applied it for the purpose of reviving an action after the party entitled to revive has omitted for a year to proceed in a more simple manner for that purpose by motion. The office of a supplemental bill in chancery was, generally, to introduce new facts, which had arisen since the bringing of the original bill; and leave to file the supplemental bill must be obtained from the court. "If there is probable cause for filing it, leave will be given of course, and the court only examines the question so far as to see that the privilege is not abused for the purpose of delay and vexation to the defendant; and

Roach *v.* LaFarge.

in a case of doubt, the court will direct notice of the application to be given." (1 *Hoffman's Ch. Pr.* 403.)

The same author says the practice is most safe to apply for leave, in all cases.

If the application to revive be made within a year, the formality of a supplemental complaint is unnecessary ; but the leave of the court must be obtained by a motion.

It is true, the code does not direct an application to the court for leave to bring the supplemental complaint after the expiration of a year from the time of the death or other disability of a party, but such was the former practice in respect to supplemental bills, and I do not see how or where it was abrogated. Had the code directed the action to be continued by a bill of revivor, then the former practice in relation to such bills would have been impliedly adopted, and I concede that the practice of bringing it without application for leave would have been regular.

The proceedings by bill of revivor, and supplemental bill, were each well known to the practice in the court of chancery ; and when the "supplemental complaint" was introduced into the code, it seems appropriate that the practice prevailing at the introduction of the code in relation to that proceeding should be adopted.

I am unable to percieve any good reason why the leave to file the supplemental complaint should not be granted.

The motion was denied at special term only for the purpose of enabling the question to be brought before the general term by appeal.

Since the decision in the *Matter of Borsdorff* v. *Lord,* (17 *Abb. Pr. Rep.* 168 ; *S. C.* 41 *Barb.* 211,) we must, until some other practice is adopted by more united authority, adhere to the rule there prescribed. The plaintiff, in the present case, will serve his supplemental complaint for the purpose of continuing his action, if so advised, although the leave to do so is denied.

I think the order should be affirmed without costs.

SUTHERLAND, J. concurred in affirming the order without costs.

Order affirmed, without costs, on the gound that a motion was unnecessary and improper.

[NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Geo. G. Barnard* and *Sutherland* Justices.