FRANK KINNEY *v.* JAMES KIERNAN and BENJAMIN F. RICE.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1870.)

A vendor who has been induced to sell his goods by fraudulent representations, is not estopped from ratifying the sale by any act of disaffirmance which is not effectual for that purpose, and does not extend to the entire contract.

Thus where the vendee obtained a sale of goods for the checks of a third person which he fraudulently represented as good, and which came back to the vendor under protest, and the latter sued a purchaser of part of the goods from the vendee, after demand upon such purchaser and his refusal to deliver the same, to recover the value thereof, but without notice of disaffirmance to the fraudulent vendee, and return, or offer of return to the latter, of the protested checks.—*Held*, that there was not such disaffirmance of the contract of sale as prevented a subsequent action thereon.

And a suit by such vendor against the vendee to recover the whole price, and settlement of the suit, with receipt of part of the sum agreed to be paid thereon, is a ratification of the contract, and will bar proceedings for the fraud.

The vendor, after demand and refusal, brought an action against one to whom his fraudulent vendee had sold a portion of the goods, and afterward, sued such vendee to recover the whole price due upon the sale to him, and then made a settlement of the latter suit for a sum agreed on, on which sum he received a part payment.—*Held*, that the last suit was an affirmance of the contract, and a bar to a recovery in the former suit, and that this was so, although, by agreement at the time of the settlement, the subject-matter of the first suit was reserved therefrom.

*Pearse* v. *Pettis* (47 Barb., 276), cited and explained.

This was a motion for a new trial upon exceptions ordered to be heard in the first instance at General Term. The facts are stated in the opinion of the court.

*Matthew Hale,* for the plaintiff.

*Amasa J. Parker,* for the defendant.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—PARKER, J. This action was brought to recover for the alleged wrongful conversion of 600 gallons of spirits.

Kinney *v.* Kiernan.

The answer denies generally the allegations of the complaint, and alleges that the property in controversy belonged to defendants and not to the plaintiff.

The proof showed that the goods in question were sold by plaintiff in New York, in December, 1867, to P. F. Gill & Co., who purchased of plaintiff a large bill of liquors, and paid for them by two checks, signed by one Nat. Wood, on the Central National Bank of Troy. James Gill, of the firm of P. F. Gill & Co., made the purchase. He represented Wood to be a wealthy man, an officer of the said bank, and one of its largest stockholders.

The goods were sold to him by plaintiff in reliance upon these representations, which, it turns out, were false. Wood was not an officer or stockholder of the bank, and was not a wealthy man. The checks were not paid, but were returned protested to the plaintiff.

Ten barrels of the liquors, sold to Gill, were by the firm sold to the defendants.

As soon as the plaintiff learned that the checks were not paid, and that Gill's representations were false, he telegraphed to defendants not to pay Gill, and soon after demanded the goods of defendants, who refused to give them up. The defendants proved on the trial that the plaintiff, after the commencement of this suit, brought an action against P. F. Gill and James Gill (P. F. Gill & Co.), to recover for the whole of the liquors bought by them of the plaintiff, including the ten barrels sold by them to defendants, and subsequently settled such action with the defendants therein by receiving four promissory notes for $250 each, three of which had been paid at the time of the trial, and the fourth one was not then due.

The plaintiff proved that in the settlement it was agreed that this suit should not be included, and that the exception was omitted from the written agreement of settlement by mistake. Also, that after the settlement and payment of the three notes, it was agreed between Gill and the plaintiff that plaintiff should restore to Gill the $750 paid and the unpaid

note, and that the agreement for settlement should be surrendered by Gill.

The court ruled and held that a settlement having been made for a portion of the goods, this action could not be sustained, and directed a verdict for the defendants, to which the plaintiff excepted.

The plaintiff asked for a submission of the case to the jury upon the evidence, which was denied, and plaintiff excepted.

I think the court was right in directing a verdict for the defendants.

The commencement of the suit by the plaintiff against the Gills for the purchase money of the whole bill of liquors sold them, including those in question in this suit, was an act in affirmance of the sale to them; and the subsequent settlement of that suit, and the receiving of a portion of the consideration of the settlement, was also in affirmance of the sale. The subsequent *agreement* to *rescind* the settlement was not a *rescission*.

The plaintiff stood at the trial seeking to recover from the defendants a portion of the same goods, which he had sold to the Gills, on the ground of the invalidity of that sale by reason of fraud, although he had affirmed the sale, and had in his hands a portion of the purchase money thereof. The fact that in the settlement, the subject-matter of this suit was excepted, does not help the plaintiff, for he could not rescind in part and affirm as to the residue. (*Voorhies* v. *Earl*, 2 Hill, 288; *Wheaton* v. *Baker*, 14 Barb., 594; *Goelth* v. *White*, 35 Barb., 76; *Abbott* v. *Draper*, 4 Denio, 51; *Stevens* v. *Hyde*, 32 Barb., 171.)

The plaintiff's counsel insists that the plaintiff did promptly elect to disaffirm the sale by notifying defendants not to pay the Gills for these liquors, and by demanding them of defendants as his own, on the ground of fraud by Gill in the purchase, and that this was an election which fixed the rights of the parties, so that his subsequent action against the Gills for the price did not operate as an affirmance, his right to affirm being gone, and cites *Morris* v. *Rexford* (18 N. Y. R., 552,

557).   There is no doubt that a disaffirmance of a contract once effected, is a bar to a subsequent suit upon it, or, in the language of the court, in *Morris* v. *Rexford*, " The law tolerates no such absurdity as a seizure of goods by a person claiming that he has never sold them, and an action by the same person, founded on the sale and delivery of the same goods, for the recovery of the price.   In peculiar circumstances a party may take either one of these courses; but *having rightfully made his choice*, the right to follow the other is extinct and gone."   In regard to the choice thus made, the case shows that in order thus to fix the rights of the parties, it must be one which the party making it had the right to make; and it is apparent, also, that it must be effectually made; that is, everything necessary to effectuate the choice must be done; so that if no right of election existed the vendor would not be barred by an action for the goods from subsequently suing for the price.   And so, if a complete rescission or disaffirmance is not made, the attempted disaffirmance would not bar a recovery of the price.   This principle is entirely consistent with the case just cited, and I think is legitimately deducible from it.

The principle is, that a contract is extinguished by its rescission; unless, therefore, a rescission has been effected, the contract remains, and may be sued upon.

Now did the plaintiff, prior to his suit against the Gills, for the price, actually rescind the contract of sale?

" A party who would disaffirm a fraudulent contract must act promptly on discovering a fraud, and he must return or offer to return whatever he has received upon it.   He cannot retain what he has received if it is of any value and proceed to recover the property fraudulently purchased of him.   He must rescind the contract *in toto*, and thus place the party in the position he was in before the sale."   ( *Wheaton* v. *Baker*, *supra*, and cases there cited.)

The attempt to recover back these ten barrels of spirits from defendants, who were no parties to the contract, either by a demand or a suit, was no rescission of the contract.   No

notice of disaffirmance to the Gills or demand of the residue of the spirits of them was shown, and no return or offer to return to them the protested checks of Wood, was ever made. The most that can be claimed in behalf of a disaffirmance is a partial one, a disaffirmance as to the ten barrels sold by the Gills to defendants ; as to the residue, none whatever is shown to have been attempted. As already shown, the disaffirmance, to be effectual, must be of the whole contract, and relate to all the goods. As was said by Nelson, Ch. J., and concurred in by Bronson, J., in *Voorhies* v. *Earl*, "though fraud in the sale was shown, the plaintiff could not rescind in part ; and not having attempted to rescind *in toto*, was confined to his remedy upon the contract of sale." In order to a rescission in this case, it was incumbent on the plaintiff to return or offer to return the checks received by him. It cannot be assumed that these were worthless. The most that the plaintiff proved on that subject was that Wood had no funds in the bank on which they were drawn, and that the witness called did not know whether or not he had any property. These checks were payable to P. F. Gill & Co. or order, and indorsed by them. It is not shown that they were irresponsible. Plaintiff held then the paper of Wood and of the Gills, given him on the purchase, which neither before or at the trial did he return or offer to return. Clearly, therefore, he has never effectually disaffirmed the sale. ( *Wheaton* v. *Baker, supra ; Stevens* v. *Hyde*, 32 Barb., 171; *Fisher* v. *Fredenhall*, 21 Barb., 82 ; *Nichols* v. *Michael*, 23 N. Y. R., 264.)

The plaintiff's counsel cites *Pearse* v. *Pettis* (47 Barb., 276), to the position that his demand of the spirits of the defendants was a rescission of the contract of sale. That case, I think, does not conflict with what is above said in support of an affirmance of the holding at the circuit. Neither the decision nor the *dicta* in that case go so far as to hold that the demand of a small portion of the goods, fraudulently obtained of a vendor of the fraudulent purchaser is sufficient to constitute a rescission of the contract of sale to the original

purchaser, when no demand has been made of the larger portion from the fraudulent purchaser, or notice of rescission given to him, or any other act done or transaction had with him looking to a rescission of the contract. In *Pease* v. *Pettis,* the vendor of the fraudulent purchaser had the entire property purchased. The original purchaser had none of it, and the *decision* in the case is only to the effect that the return of the $300, paid on the purchase, was excused in that case because in equity the fraudulent purchaser was not entitled to it, having had the use of the boat for a period more than sufficient to compensate for it, and that the case was taken from the general rule requiring the return of what had been paid. This is the whole of the *decision,* that the return of the money paid upon the sale was not in that case necessary to a rescission of the contract of sale, that such return was excused by the circumstances of the case.

The case of *Stevens* v. *Austin* (1 Met., 557, also cited) was a case where the defendant, who purchased of the original fraudulent purchaser, had the entire property, a wagon, and when also, there had been no delivery by the plaintiff to the original purchaser. In both cases the rule that the rescission must extend to the entire contract, was recognized. In the case at bar, that rule is entirely ignored and contravened by the plaintiff's argument. Not only did the plaintiff fail to disaffirm the contract as to the Gills and the large portion of the spirits kept by them, but so stood upon the contract with them, that he afterward sued them for the price, and then settled the suit for a consideration, which was paid.

It is very clear, I think, that no such disaffirmance of the contract had been made by the plaintiff as prevented him from maintaining his suit against the Gills; as to them, he had never disaffirmed, and, consequently, there had been no disaffirmance *in toto.* The result is, the *contract* had not been disaffirmed. Not having disaffirmed the sale before the suit against the Gills, for the price, that suit, and the subsequent settlement of it, for a consideration received, effectually

barred the plaintiff from a judgment in this suit.  (*Morris* v. *Rexford, supra.*)

Although the suit against the Gills was brought after this suit was at issue, no question of pleading is made in regard to the proof of that suit. The only objection to the evidence was on the ground of its immateriality. That it was material, has been already shown. In the view above taken, there was nothing for the jury to decide. The motion for a new trial should be denied, with costs, and judgment rendered on the verdict for the defendant.

Motion denied.