By the Court. — Robinson, J.
There was no proof to maintain the issue raised by the pleadings, that defendants were common carriers of passengers and their baggage, between Little Falls and New York, or that they had any authority, as a corpoartion, to contract for the carriage of passengers or their baggage by steamboat, on the Hudson river. Although forming a connecting line with the Peoples’ Line of steamboats, running from Athens to Hew York, there was no evidence of the existence of any agreement between defendants and that line, by which they had any community of interest in, or management or control over, the carriage of passengers on the Hudson river, either from Albany or Athens to Hew York, by force of which, had they been carriers at large, they would, within the principle of Champion v. Bostwick (18 Wend., 175), have been liable for the default of their associates.
As a general rule, the responsibility of a railroad corporation (such as the defendants’), established for the transportation of freight or passengers between certain places, commences when the freight or passenger is accepted for transportation, and terminates by a safe delivery at the end of the route; and it is not liable, except as a forwarder, for goods marked or shipped for a remoter point, unless it is authorized to make a contract extending its liabilities and contracts accordingly *479 (Redf. on Railways, §§ 181, 183; Burroughs v. N. & W. R. R. Co., 100 Mass., 26; Hempstead v. N. Y. Central R. R. Co., 28 Barb., 485; Dillon v. N. Y. & Erie R. R. Co., 1 Hilt., 231; Johnson v. N. Y. Central R. R. Co., 33 N. Y., 610; Sallinger v. Simmons, 2 Lans., 497; Root v. Great Western R. R. Co., 45 N. Y., 524; Straiton v. N. Y. & N. Haven R. R. Co., 2 E. D. Smith, 184).
In the absence of any express contract to carry the plaintiff or his baggage to Hew York, or of evidence of defendants being common carriers between Athens and Hew York, via the Hudson river, the mere fact of their affixing to plaintiff’s trunk a baggage check of the Peoples’ Line, furnished no proof by way of implication of any assumption of such duty. Ho fare was received for his passage to Hew York, nor any agreement made to carry his trunk as freight. It was accepted as baggage and as an incident to his becoming a passenger on defendants’ road to Albany, and the undertaking to carry it to Athens and there deliver it to the Peoples’ Line, was a substituted service agreed on by the parties.
Under the general railroad act (3 Rev. Stat., 5 ed., 634, § 34), the plaintiff might have insisted upon a check on- defendants’ road to Albany, but accepted one of the steamboat company, which was only properly issuable when the passenger purchased a through ticket of that line to Hew York, on their steamboats (see subsequent act of 1868, ch. 573; 7 Rev. Stat., Edmond’s ed., 317, which recognized previous practice and obligations). If he became a passenger on their boat at Albany, the liability of that company probably attached ; if not, he became liable to them, and not to defendants, for freight on the trunk from Athens to Hew York.
By the act of 1847 (ch. 270, § 9), “ whenever two or more railroads are connected together, any company *480 owning either of said roads receiving freight to be transported to any place on the line of either of said roads so connected, shall be liable as common carriers for the delivery of such freight at any such place.” But there is no other provision of law authorizing a railroad corporation so to contract for the carriage of a passenger by any steamboat line, or vessel connecting with or starting from any place to which such railroad may run, or have indirect connection by or through other railroads. Such a construction of their ordinary powers would enable them to become common carriers over the whole globe, free from the contracted limitations of their charter, or of the general prohibition of the statute (1 Rev. Stat., 600, § 3) against their exercising other powers than those expressly conferred by their charters, or necessary to the exercise of those enumerated and given.* In my opinion, defendants did not, and if they did, had not the power to contract for the carriage of plaintiff’s trunk on the Hudson river, but fully discharged every obligation by its delivery to the Peoples’ Line, at Athens.
The objection to the admission made by defendants’ superintendent on presentation of the plaintiff’s claim for lost baggage (fol. 16), that “he had a good claim,” was improperly overruled. The statement constituted no part of the res gestee, but related to a past transaction, and was inadmissible as evidence against his principal (Baptist Ch. v. Brooklyn Fire Ins. Co., 28 N. Y., 153; Mallory v. Perkins, 9 Bosw., 572; Green v. Hudson River R. R. Co., 32 Barb., 25; Luby v. Hudson River R. R. Co., 17 N. Y., 131; Vail v. Judson, 4 E. D. Smith, 165).
The judgment should be reversed and a new trial ordered, with costs to abide the event.

 Compare, however, Perkins v. Portland, &c. R. R. Co. (47 Me., 573; Noyes v. Rutland, &c. R. R. Co., 27 Vt., 110).