EDWARD C. BERG *against* THE NARRAGANSETT STEAMSHIP COMPANY.

A common carrier is not, in the absence of a special contract, liable for loss of goods beyond his own route, although he receives them marked for a particular destination.

Such a special contract may, however, be shown by the recitals in the receipt for the goods, and the manner in which the way list is made up, and also from the fact that a through freight is charged, and that the connecting carriers have a contract with each other by which to carry freight through for a single price to be divided between them.

APPEAL from a judgment of the general term of the Marine Court, affirming a judgment of that court entered on the verdict of a jury.

The action was against the defendant as a common carrier, for loss of the plaintiff's trunk.

On the trial the defendant's counsel offered to show that the company sent goods only upon bills of lading excluding passenger baggage; that the checks brought by expressmen (such as the one set out in the opinion) were countersigned, and that the person delivering the goods then went to the office and took a bill of lading by which the company was responsible only for the delivery of the goods to the Old Colony Railroad. This evidence was excluded.

The court charged the jury that, for the purposes of the action, the Narragansett Steamship Company was a line through to Boston, the same as if their vessels went to Boston, although they formed a line with the Old Colony Railroad, and that they were bound to take the trunk to Boston.

The other facts are stated in the opinion.

The plaintiff had a verdict for $434 50, and the judgment thereon was affirmed by the general term of the Marine Court.

Defendant appealed to this court.

*Thomas G. Shearman,* for appellant.

*Browne & Rabe,* for respondent.

LARREMORE, J.—The defendant is a common carrier between New York and Fall River. Plaintiff's trunk was delivered to an agent of the defendant at New York, and the following receipt issued therefor :

"NEW YORK, July 17th, 1872.

" Received from Schroder's express, in good order, on board the boat *for Boston*, the following packages :

"Marked Edw. C. Berg,
"Care Chas. S. Pitman,
"Boston, Mass.

" One (1) trunk.                                "J. B. J."

The trunk was carried from New York to Fall River, and there delivered to the Old Colony Railroad Co., but failed to reach its destination as per receipt directed and expressed. The question raised on this appeal is, the extent of defendant's liability on said receipt.

In *Foy* v. *The Troy & Boston R. R. Co.* (24 Barb. 382), it was held, that where property is received by a carrier for transportation, addressed to a person beyond the route of such carrier, in the absence of proof, an agreement will be inferred on his part to deliver the property as directed.

The contrary view is maintained in *Wright* v. *Boughton* (22 Barb. 561), where it is held that a copy of an address upon a delivery receipt was mere matter of description, and not an agreement.

But the rule is now settled, that a common carrier is not liable for loss of goods beyond his own route, although he receives them marked for a particular destination (*Root* v. *Great Western R. R. Co.* 45 N. Y. 524; *Van Santvoord* v. *St. John*, 6 Hill, 158; *Dillon* v. *N. Y. & Erie R. R. Co.* 1 Hilt. 231; *Kiender* v. *Woolcott*, 1 Hilt. 223).

Did the defendant then agree to deliver plaintiff's trunk as indicated in the receipt? .

It was delivered to John B. Jacobson, defendant's agent in New York, whose initials are subscribed to said receipt, and who gave no notice or intimation at the time that defendant's route terminated at Fall River, nor was that fact in any way brought to plaintiff's knowledge prior to his loss.

The testimony shows that there was a contract between defendant and the Old Colony R. R. Co. for the transportation of freight from New York to Boston, and that the rates therefor were apportioned and divided between the two companies. Besides the defendant's " way bill " (Plaintiff's Ex. No. 2) designated the same route expressed in the receipt. It is headed " Narragansett Steamship Company, Way Bill of Merchandise, New York to *Boston* per Steamer Bristol, July 17th, 1872." Then follows a list of the consignees with the description and destination of the goods received for transportation, including plaintiff's trunk, and the *through* freight for the *entire* route is specified and charged.

Upon all the evidence offered, the question of defendant's liability was properly submitted to the jury, and the offer to show, not a *general* commercial usage, but the *defendant's* usage with respect to their bills of lading, to vary or modify a special agreement, was properly excluded.

The judgment should be affirmed.

ROBINSON and VAN BRUNT, JJ., concurred.

Judgment affirmed.