Before EDMONDS P. J., and MITCHELL, and KING, Justices.

### HOLMAN v. DORD.

In an action for damages arising from a false warranty, the falsity is the gist of the action, and the complaint need not allege that the defendant *knew* the warranty was false.

What amounts to a false warranty.

In an action for damages, arising from a false warranty, one of several defendants may be called as a witness by and on behalf of his co-defendants.

The words "interest in the event of the action," in section 398 of the Code, do not mean " an interest in *any* event of the action," but " an interest in the event as respects the party who calls him (the witness) as a witness."

MOTION for a new trial on several grounds.

*Edmonds, P. J.:* As to the objection arising on the pleadings, that there is no averment of a *scienter*, the answer is that none was necessary. It is an action on a false warranty, where it is enough to aver and prove that the warranty was false, and the purchaser was deceived by it.

It is also objected that there was no false warranty to bind Dord, that he made none himself, and that what were made by Behrman he is not responsible for, as Behrman was not his agent. It is evident that there was a false warranty, both by Rowe and Behrman — Rowe said they were French goods, and Behrman said they were French goods, new and in good order, and just imported from France.

There is no dispute that Rowe was acting for Dord, but the question was as to Behrman. Some evidence was given tending to show that, and the question was submitted to the jury by the judge, under instructions which have not been excepted to, and the jury have found that a false warranty was made by Rowe and Behrman, acting in behalf of Dord.

It was competent for them to do so, and their verdict must be very much against the weight of evidence before we can disturb it.

And there is no force in the objection that the representations proved were mere puffing ones, and ought not to have deceived, because an examination of the goods would have proved them false. They were not mere representations as to value, nor statements as to their condition, which mere inspection could detect.

How could mere inspection ascertain that they were not French goods, just imported from France, or even that they were not new? Yet such averments were material, as the goods were a fancy article, depending in a great degree for their value upon the fact that they were French, just imported, and new, and consequently fashionable and saleable.

Rowe was offered as a witness for his co-defendant, and was excluded by the judge, who held that he was not admissible as a witness for any purpose.

The enactment of the Code is, that a party may be examined on behalf of his co-defendant. (§ 397.)

There are, however, two limitations or restrictions to the right thus broadly stated: one is under section 397, that the examination thus taken shall not be used on behalf of the party examined; and the other is under sections 398 and 399, that the party may be excluded by reason of his interest in the event of the action.

Whether the limitation in section 397 is enough to warrant the exclusion of a party it is unnecessary to say — there may be cases where it would be impracticable to allow a party to be examined without his testimony being used in his behalf. But even if this be so, this is not such a case, and there is nothing in that section to justify the exclusion of Rowe. This is an action of tort, where, even under the old practice, a separate judgment could have been given against one defendant and for his co-defendant, and thus it would have been easy to prevent Rowe's testimony in behalf of Dord from being used in his own behalf.

It is therefore only under sections 398 and 399 that any excuse for the exclusion of Rowe can be found, and that must be on the ground that he was interested in the event of the action.

That does not mean an interest in any event of the action, but an interest in the event as respects the party who calls him as a witness. And the inquiry therefore is, had Rowe an interest in the event of the action against Dord?

I cannot see how he had any such interest. His evidence could not be used in his own behalf, but only in behalf of Dord. And how could he be benefited by Dord's discharge from the cause of action?

I can see how he might be benefited by keeping Dord in the action, even to judgment against him, because the greater the number who contribute to the payment of the judgment, the better for Rowe, and his interest, if any, is against the party calling him, and not in his favor.

I am aware of the conflicting views which some members of the court have taken of these provisions of the Code, but I do not perceive that any of them conflict with the result I have arrived at in this case, it being one where separate judgments might be rendered, and thus the evidence of Rowe prevented from operating in his favor, and where he had no interest in the event except what was adverse to the party calling him.

He ought not to have been excluded, and for this error there must be a new trial, the costs to abide the event.