### Peter Cannon and others *v.* John Van Wagner and John W. Rowe.

ʌn a proceeding, prosecuted under the "act for the better security of mechanics and others," in the city of New York, to foreclose a lien upon the owner's building, for the value of materials furnished thereto, under an agreement with a contractor; the contractor, although a party defendant, is a competent witness for the claimant.

The interest of the contractor, under such circumstances, is balanced between the claimant and the owner.

Whether, under §§ 390, 398 and 399 of the Code of Procedure, a party to an action can examine, as a witness, on his own behalf, one of the adverse parties, who is interested in favor of the party calling him? *Quere.*

Cases cited, in which it is held, that the disqualification implied in § 399, applies as well to the adverse party as to the party offering himself as a witness in his own behalf, and that, therefore, a plaintiff cannot call as a witness a defendant who has an interest in the plaintiff's favor.

General Term, July, 1855.

This was a proceeding instituted in the Sixth District Court, under the act of July 11, 1851, "for the better security of mechanics and others," in the city of New York. The defendant, Rowe, had contracted with the defendant, Van Wagner, to alter and repair a building in Fortieth street, of which Van Wagner was the owner. The plaintiffs having, as co-partners, and at the request of the contractor, furnished laths, plaster, &c., which were used in the work, filed with the county clerk a notice to acquire a lien therefor, and served the usual notice to bring the alleged lien to a close.

Both the owner and contractor were made parties to the proceeding.

Issue having been joined in the court below, the trial proceeded, and the claimants, after proving the filing of the notice of lien, and the service of the notice to appear and account, produced the contractor, Rowe, as a witness. The counsel for the owner objected to him as incompetent, on the ground that he was *an interested party to the suit.*

The witness was admitted, subject to exceptions, and the claimants' whole case, except in relation to the formal steps to effect the lien, rested upon his testimony. Counter evidence was introduced, but the justice gave judgment in favor of the claimants. The owner appealed on the grounds, first, that the contractor was erroneously admitted as a witness; and secondly, that the evidence, even including his testimony, was insufficient to sustain the judgment.

The claimants contended, first, that Rowe was not interested in their behalf; secondly, that if he was, he was nevertheless an "adverse party," and as such could be examined as a witness at their instance, under § 390 of the Code, which provides, that "a party to an action may be examined as a witness, at the instance of the adverse party; and under § 398, which declares, that "no person offered as a witness shall be excluded by reason of his interest in the event of the action;" that the language of 399, providing that § 398 "shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended," is controlled by § 390, which seems expressly to give to a party a right to the testimony of any adverse party.

*Robert H. Shannon*, for the appellant (owner).

*Franklin A. Paddock*, for the respondents (claimants).

By THE COURT. WOODRUFF, J.—The grounds stated in the notice of appeal relate chiefly to alleged errors in fact in the finding of the justice. We have so often held, that where the evidence is conflicting, we do not interfere with the finding below, even if we think that upon the same evidence we might not have come to the same conclusions, that it seems wholly unnecessary to repeat the proposition.

Taking into view the testimony of the co-defendant, Rowe, there was some evidence in support of every part necessary to support the plaintiff's case.

He testifies to his contract with the owner; that he performed the work in conformity with that contract until he was stopped by the owner; that he bought materials for the job from the plaintiff; that the plaintiff's bill is the bill of the materials he bought to add to and repair the defendant's house; and that the defendant owed him (the contractor) $35. The copy notice of the lien, produced and received in evidence without objection, purported to have been filed on the 11th January, 1855. This was, *prima facie*, sufficient.

It is true that there is counter-evidence, and a receipt purporting to be in full is produced, but the witness explains that, consistently with his other evidence; and we cannot say that the finding of the court below is without evidence, or so far against the weight of the testimony that we can reverse upon that ground.

The only other question is, whether, in an action to foreclose a lien claimed by a material man, the contractor, being a party defendant, is a competent witness for the plaintiff.

It is claimed that he is disqualified because he is both a party to the suit and interested in the event. That although an interest in the event does not alone disqualify under § 398 of the Code, yet that that section does not apply to a party to the action; and that although a party to an action may, under § 390, examine any one of several adverse parties as a witness, yet that this section is also restrained by § 399, so that such adverse party, *being interested in the plaintiff's favor*, cannot be permitted to testify for him. That is to say, no party to the action who is interested to effect a recovery, can be examined by the plaintiff, although he may be a defendant, and so be within the terms, "adverse party," in § 390. That the disqualification implied in § 399 applies as well to the adverse party as to the party offering himself as a witness in his own behalf, and that therefore a plaintiff cannot call as a witness a defendant who has an interest in the plaintiff's favor. This view of the construction of the sections of the Code referred to has been held in several cases. (See *Hallenbeck* v. *Van Valken-*

Cannon v. Van Wagner.

*burg,* 1 Code R. N. S. 33 ; *Combs* v. *Bateman,* 10 Barb. 574 ; *Holman* v. *Dord,* 12 Barb. 336 ; *Fitch* v. *Bates,* 11 Barb. 473.)

But without expressing an opinion upon this point, it must suffice to say, that, in my judgment, the witness here had no disqualifying interest as a party or otherwise. He was the contractor for the repairs and alteration of the building, and was of course bound to the defendant for the performance of the work, and bound to pay for all the materials he used ; and if he did not do so, and the defendant sustained loss, or was compelled to pay money by reason of his default, he was liable to the defendant to make him full indemnity.

How, then, was he interested ? He owed the plaintiff the debt. If the plaintiff recovered, then his debt to the plaintiff was paid, and his claim against his co-defendant was reduced to a corresponding extent. So that upon the question, whether he himself owed the plaintiff any thing, he was testifying against his interest. He was taking his own money from his co-defendant's hands, and for ever depriving himself of its enjoyment, by giving it to the plaintiff, from whom he can never reclaim it.

And upon the question, whether the co-defendant (the owner) was indebted to himself, (the witness,) his interest was balanced, for, being bound to indemnify the owner against such claims, it is as much for his interest to protect the owner as to secure the debt due the plaintiff. For if the owner should be compelled to pay money to the claimant, he could recover full indemnity from the contractor. In other words, if the money is due from the owner to the contractor, then the interest of the contractor is balanced, because the effect of a recovery is to take his own money and pay his own debt ; and every dollar recovered is a proper charge against the witness, and reduces the owner's liability to him. If no money is due from the owner to the contractor, then his interest is balanced, because, although the effect of a recovery is to pay his indebtedness to the plaintiff, it nevertheless creates a corresponding liability to the owner against

himself. And in an action by the owner against him to recover indemnity, or in an action between them to settle their accounts under the contract, although the judgment recovered by the claimant in this suit would be evidence in the owner's favor of the amount he had been compelled to pay to satisfy liens arising from the contractor's default in paying his own debt, such judgment would not be evidence in the contractor's (the witness) favor to prove that when it was rendered any thing was due from such owner.

I think, therefore, that the interest of the contractor is so balanced that he is a competent witness for the plaintiff.

The judgment must, therefore, be affirmed.

Judgment affirmed.