Robertson, Ch. J.
The present case may be incapable of being sustained, on the ground of fraud, for several reasons. The particular kind of fraud charged in the complaint was concealment of a disease known to the defendant, by omitting to inform the plaintiff thereof. There was no *78 other proof of it, and that would hardly sustain it in such a case. In the next place there was no allegation in the complaint, or any proof, that any attempt was made by the plaintiff to rescind the contract by tendering back the animal, as he was bound to do, in order to recover at all. [Burton v. Stewart, 3 Wend. 236.) The note written to the defendant by the plaintiff, requesting him to take back the mare, as testified to by the latter, is not equivalent to such a tender. There is no proof, besides, that it reached the defendant. The plaintiff also sold her without any notice to the defendant.
There is, however, an allegation in the complaint of a warranty of the soundness of the mare in question, which, if standing alone, would certainly contain a complete 'cause of action, without any averment of fraud. [Schuchardt v. Allens, 1 Wall, U. S. 359. Holman v. Dord, 12 Barb. 336. Fowler v. Abrams, 3 E. D. Smith, 1.) Unless, therefore, either the plaintiff has so entangled his allegation of a warranty with his averments of fraud, as to.preclude him from availing himself of the former as a contract, and compel him to rely upon it only as an instrument of fraud, or there was no such evidence in the case of its existence or violation as to call upon the jury or court to pass upon them, the plaintiff was entitled to recover.
. The distinction between forms of action, such as that between torts and contracts, cannot embarrass the plaintiff’s right, since they are destroyed. (Code, § 69.) The only rules by which the form or sufficiency of a pleading is to be determined, are those contained in the Code. (§ 640.) That prescribes what a complaint shall contain, (§ 142,) and provides means for striking out of it matter which ought not to be contained in it. (§ 160.) If there are not enough facts stated in it to constitute a cause of action, a remedy may be had by demurrer, (§ 144,) or on the trial. (§ 148.) The relief of the plaintiff, if the défendant does not answer, is confined to that demanded in the complaint. If the defendant submits to the authority of the court, such relief *79 may be extended, as far as is consistent with the case' made by the complaint, and embraced within the issue raised by both pleadings. (§ 275.) The Code requires the complaint to contain, besides the title of the cause, specifying the court, the county and the parties, and the demand of relief, only a statement of facts constituting a cause of action. (§ 142.) It requires such statement to be plain, so that the nature of the charge may be apparent, otherwise it may be compelled to be made so, on motion to make it definite and certain. (§ 160.) It also requires it to be concise, and without unnecessary repetition, otherwise it may be compelled to be made so, on motion to strike out redundant matter. (Id.) Where a defendant, therefore, has omitted to move to make definite and certain, or strike out irrelevant or redundant matter, it may be assumed that he fully understands the nature of the charge against him, and is prepared to meet it, and that nothing contained in the complaint is to be rejected, as irrelevant or redundant, provided it relates to a cause of action. If there be two causes of action aimed at in the complaint, their junction in one action, if improper, can only be objected to by demurrer. (§§ 144, 148.) It does not clearly appear .what the remedy is for mingling them, or not stating them separately, as required by the 169th section of the Code, unless by motion to make definite and certain. (Wood v. Anthony, 9 How. 78.) For not numbering them as required by the 19th general court rule,, the remedy is to strike out all allegations not relating to a single caus-e of action, (Benedict v. Seymour, 6 How. 298,) or the whole' pleading as irregular, (Blanchard v. Strait, 8 id. 85,) or to return it as such. (Corlin v. George, 2 Abb. 465.) There is abundant remedy, therefore, for any defect, confusion or redundancy, in a complaint, and a party defendant who does not take advantage of them, acknowledges himself fully prepared to meet any case, whose proof is warranted by allegations in the complaint. Indeed,' there is no mode prescribed by which separate causes of action can be distinguished. Any *80 one which apprises the defendant of what is intended, is sufficient. (Hall v. McKechnie, 22 Barb. 244.)
It is true that an action on a warranty, and for a false representation on the sale of the same chattels, cannot be joined, if objected to; (Sweet v. Ingerson, 12 How. 331; Springsteed v. Lawson, 14 Abb. 328;) but that does not prevent parties from assenting, by not objecting, to try both in one action. In this case the complaint alleges a warranty; a sale on the faith of it; the existence of a defect warranted against, and damage thereby. Those allegations complete a cause of action on which the plaintiff is entitled to recover, unless, in his complaint, he has rejected such warranty and its obligation as a contract, and limited the employment of it to being a mere instrument of deception. That is best tested by ascertaining how much can be stricken from the complaint, without touching such cause of action. The allegations as to the defendant’s knowledge of the specified defect in the animal sold, his use of means to conceal it, and his omission to disclose those facts to the plaintiff, are entirely independent of any other, and may be omitted without affecting them. So, too, the intent with which the warranty was made is immaterial, and may be omitted, upon the authority of cases before cited. In Schuchardt v. Allens, (ubi sup.) where the action was both for deceit and on a warranty, it was held, that it was not necessary to prove a scienter by the defendants.
The case of Byxbie v. Wood, first decided in this court, and which was finally disposed of in the Court of Appeals, (24 N. Y. Rep. 607,) settles the question that allegations of fraud in a complaint, when not necessary to enable a plaintiff to recover, may be disregarded. In that case the action was brought by an assignee, and an objection was taken that the action was for fraud, and its cause could not be assigned. The action was for moneys overpaid upon the settlement of the accounts of a joint adventure between the associates in it, on the faith of false and fraudulent accounts and vouchers produced. In that case the court held, *81 (page 610,) that they could “not say that a particular phrase makes a particular form of action, so that a party, by its use, may shut himself out from the remedy which his facts would give him. He may, indeed, so utterly misconceive his rights as to make a complaint not at all adapted thereto, so that his offered proofs, or even his proofs put in without objection, would require an entirely new complaint to reach them, and then no court could give him judgment.” It also emphatically declared that “ the ends of substantial justice would require them to disregard the words that charge a wrong,” unless the complaint were “necessarily and unavoidably ” one for “a mere naked tort in an action claiming damages for the wrong.” (Page 611.) It was also held therein that the allegation of deceit was proper, because some proof of such fraud would be necessary to enable the plaintiff to recover back the money overpaid, otherwise it might be presumed to be a voluntary gift.
Applying the principles thus evolved, from the case last cited, to that before us, inasmuch as the question, whether words used were intended and understood as a warranty, may be one of fact for a jury, (Duffee v. Mason, 8 Cowen, 25; Whitney v. Sutton, 10 Wend. 412; Cook v. Moseley, 13 id. 277; Stryker v. Bergen, 15 id. 490; Moses v. Mead, 1 Denio, 378; S. C. 5 id. 617,) it cannot be positively asserted, that proof of prior knowledge by a vendor of a latent defect in a chattel sold 'by him, and an attempt to cure it, and his failure to communicate such facts to the buyer, in order to induce him to purchase, (if the attempt be successful, and he buys believing the chattel to be perfect,) may not be relevant on such question of fact. A contract of warranty repudiates the idea of imposition, since the purchaser trusts to the contract, not to a representation. From the same facts, an inference of an innocent contract is to be drawn, rather than of a fraud, where the party influenced by it is equally protected. A right of action on a warranty on a sale of chattels, may be more or less de *82 sirable than one for a fraud, because, although it ■ gives ■no right of rescission of the contract, it requires no proof of knowledge on the part of the seller. Except the fraudulent concealment charged on the defendant in the complaint, he might have done all wherewith he is- charged therein, and (believing the disease in question curable,) perfectly innocently, and have been willing to give a warranty. The fraudulent concealment alleged can 'only be one in law; for no acts to conceal the disease, or the fact of its having been attempted, to be cured, except the negative one of omitting to disclose them, is charged; and whether that is a fraudulent concealment must be entirely a question of law, founded upon some supposed obligation to disclose it. The allegation of giving a warranty, in order to deceive the plaintiff, was not necessary to any cause of action. The fact of making a contract, (as I have already said,) shuts, out all consideration of good faith in relying upon it, on one side, as it does of its materialty on the other. The fact, also, that the complaint does not contain the allegation of an offer to return, on the discovery of the unsoundness of the mare, which is essential in an action for fraud, (Baker v. Robbins, 2 Denio, 136; Fisher v. Conant, 3 E. D. Smith, 199; Same v. Fredenhall, 21 Barb. 82,) tends to establish that such was not the cause of action intended, since the Code requires that the construction of a pleading, in order to determine its effect, shall be lib eral, with a-view to substantial justice between the parties. (§ 159.) There cannot be much, doubt if charges of fraud contained in a complaint, considered as controlling the nature of the cause of action, make it bad, and the rejection of such charges as surplusage, leaves a statement of a good cause of action therein, without such charges, which construction of it will most favor the “ ends of substantial justice ” alluded to in Byxbie v. Wood, (ubi sup.) and mentioned in the4 section of the Code last cited.
Assuming the action to be for a breach of warranty, the next question that presents itself is, whether there was evi *83 denee, either directly of one or of facts, from which a jury might infer one. It appears to me there was, of hoth. The term “warrant,” it is settled, need not be used, provided an equivalent affirmation or assertion is. (Roberts v. Morgan, 2 Cowen, 438. Whitney v. Sutton, Cook v. Moseley, ubi sup.) It is true that the mere expression of an opinion will not be enough. (Sweet v. Colgate, 20 John. 196. Eagle Works v. Churchill, 2 Bosw. 166.) Bat positive assertion as to the quality, nature or attributes of an article sold, made to induce their purchase, and understood to be so, will be sufficient to authorize the inference of a warranty. (Chapman v. Murch, 19 John. 290. Gallagher v. Waring, 9 Wend. 20. S. C. 18 id. 425.) Indeed the rule seems to be, that where a buyer has no opportunity or means to discover the non-conformity of an article sold to representations of facts affecting its value or utility, which a seller may be presumed to know, and such representations are made by such seller, during the negotiation for the sale, unqualifiedly, and no act, declaration or occurrence concurs therewith, to show they were expressions of mere opinion, the law construes them to be a warranty. A concomitant expression, such as that used in the case of Cook v. Moseley, (ubi sup.) “ I would not be afraid to warrant,” may warrant a submission to the jury of the question whether the assertion was intended as an expression of opinion only. A positive statement in the case of Carley v Wilkins, (6 Barb. 557,) was held to constitute a warranty, and not a mere opinion of. value, although accompanied by the expression that the article “ was worth a shilling a barrel more than common.” Upon proof that certain goods were fancy articles, dependent for their value upon being new, just imported and French, it was held that an assertion that they were so, was not a mere representation of their value, or statement of their condition, but an absolute warranty. (Holman v. Dord, 12 Barb. 336.) Representations that a certain kind of oil was “ suited for machinery,” where it was at a distance, when bought, were also *84 held to constitute a.warranty. (Warren v. Van Pelt, 4 E. D. Smith, 202.)
In the case before» us the evidence brings it to the standard just laid down. The testimony of the plaintiff and his coachman establish that, in the course of a negotiation for the purchase of a mare, the plaintiff, having no means of detecting the existing defect in such mare, upon mere inspection, or except after a thorough trial and testing of her qualities, upon his offering to give a certain price, upon condition that she was sound, the defendant, who, as owner, may be presumed to have known her true condition, declared her, unqualifiedly, to he sound, and received the price thus offered. This was sufficient to establish a warranty, or, at all events, to have gone to a jury as evidence of one.
Lord Ellenborough held, in one case, at Nisi Puris, (Bassett v. Collis, 2 Camp. 523,) roaring not to be unsoundness in a horse; but in a subsequent ease, (Onslow v. Eames, 2 Stark. 81,) being apparently more fully advised, held the contrary. It is hardly possible that an incurable chronic disease, such as that in question, impeding the efforts of the animal in his exertions, should not be held unsoundness. There must, therefore, be a new trial, even if that be a question of fact, and the exceptions must be sustained.
Garvin, 3. concurred.