GEORGE S. THOMPSON, Respondent, *v.* JAMES C. FARGO, Treasurer of the American Express Company, Appellant.

To sustain an action against a common carrier for a failure to deliver goods the plaintiff must be the owner thereof, or have some special interest in them.

*Prima facie*, the consignee is the owner. If the goods are ordered of the consignor by the consignee stating where, but not how, to send them, the consignor has sufficient title to maintain the action.

(Argued April 12, 1872 ; decided April 16, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee. (Reported below 58 Barb., 575; 44 How. Pr. R., 176.)

This action was brought to recover damages for an alleged failure of defendant to deliver a package of United States treasury notes received by it for transportation.

Facts found by the referee: That the defendant, the American Express Company, is a joint-stock company, consisting of more than seven members, and is engaged in the express business as common carriers, whose principal office is in the city of New York.

On or about the 11th day of August, 1865, the American Express Company received from the United States Express Company, at Decatur, in the State of Indiana, a package, containing U. S. compound interest notes and 7.30 treasury notes to the amount of $660.63, together with the papers discharging John and William White from service in the army of the United States.

That said package was addressed as follows: "By the United States Express Company, $660.63, John and William White, care Captain James K. Martin, Bunton House, Terre Haute, Indiana.".

The package was delivered to the United States Express Company by plaintiff at Springfield, Ill., and receipt taken.

The American Express Company conveyed it to the place

of destination without delay. Diligent search and inquiry were made for the consignees, but they could not be found or heard from.

The contents of the package was the back pay of the said John and William White, as soldiers in the army of the United States, and their discharge papers from the service, and a letter from the plaintiff.

The Whites had employed the plaintiff as their agent to collect for them the back pay in question from the United States government.

The enclosure in the package was the proceeds of a check received by plaintiff from the government agent at Springfield, Ill., for such back pay.

The plaintiff demanded the package in question from James C. Fargo, the treasurer of the defendant, at the city of New York, who refused to deliver the same to him.

*Hooper C. Van Vorst* for the appellant. The consignee is the presumptive owner. (Angell on Carriers, § 497; *Everett* v. *Saltus*, 15 Wend., 475; *Fitzhugh* v. *Wyman*, 5 Seld., 562; *Street* v. *Barney*, 23 N. Y. R., 335; *Platt* v. *Wells*, 2 Robertson R., 101.) When goods are delivered to a carrier on behalf of consignee, and placed at his disposal, the property is vested in him, and he alone can maintain action against the carrier. (Angell on Car., § 497; *Arbuckle* v. *Thompson*, 37 Penn., 170.) The only exception is the trader's right of stoppage *in transitu*. (*Dutton* v. *Solomonson*, 3 B. & P., 584; *Dawes* v *Peck*, 8 Dunn & East., 330; *Madison* v. *Whetersell*, 11 Ind. R., 55.) Where consignee cannot be found, it is the carrier's duty to take care of the property for the owner. (*Ostrander* v. *Brown*, 15 John., 39; *Fisk* v. *Newton*, 1 Denio, 45; *Stone* v. *Waitt*, 31 Maine, 409; Redfield on the Law of Railways [subject Common Carriers], vol. 2, p. 76, § 16; *Williams* v. *Holland*, 22 Howard's Practice Reports, 137; *Hudson* v. *Baxendale*, 2 Hurl. & Norman, Exchequer R., 575; *Weed* v. *Barney*, 45 N. Y. R., 348; *Hamilton* v. *Nickerson*, 11 Allen R., 308.) In order to sus-

tain action, it must appear that the goods belonged to the plaintiff at the time of the injury. (*Law* v. *Hatcher*, 4 Black R., 364.) The plaintiff's consignment to the Whites put it out of his power to act further in the premises. (*Dows* v. *Green*, 16 Barb., 72 ; Smith Mercantile Law, 3d ed., 366 ; *Freeman* v. *Buck*, 1 Nev. & Man., 420.)

*Isaac Edwards* for the respondent. The delivery of the U. S. Express to defendant created a contract between plaintiff and defendant. (*Van Santvoord* v. *St. John*, 6 Hill, 157, 160.) Defendant could look to plaintiff on the contract for freight. (Redfield on Carriers, § 333 ; *Dows* v. *Cobb*, 12 Barb., 310, 316 ; *Witbeck* v. *Holland*, 45 N. Y., 13.) Plaintiff did not follow instructions ; the funds sent were his, therefore. (*Hayes* v. *Stone*, 7 Hill, 128 ; S. C., 3 Denio, 575 ; *Wilson* v. *Wilson*, 26 Penn. St., 394; Story on Agency, § 192.) He was debtor to his clients for the amount. (*Chapman* v. *White*, 2 Selden, 412, 417 ; *Marsh* v. *Oneida Bank*, 32 Barb., 298 ; Dunlap's Paley on Agency, 90, and notes, and 363.) Both plaintiff and the Whites could maintain action, and a recovery by one would bar action by the other. (*Smith* v. *James*, 7 Cow., 328 ; *Greene* v. *Clark*, 12 N. Y., 343.) Trover can be maintained by one having no beneficial interest in the property. (*Kellogg* v. *Sewell*, 1 Lansing, 397 ; *Moran* v. *Portland*, 35 Maine, 55 ; *Armory* v. *Delamarie*, 1 Str., 515 ; *Freeman* v. *Birch*, 1 N. & M., 420 ; *Joseph* v. *Knox*, 3 Camp., 320.) A delivery to a carrier not chosen by the purchaser is not a delivery, and the consignor has a right of action. (*Rogers* v. *Phillips*, 40 N. Y., 519 ; 2 Greenl. Ev., § 212.) Where there is no such person as consignee, the carrier holds as bailee of the consignor. (Chitty on Car., 89 ; 45 N. Y., 184.) It was plaintiff's duty to receive package and send it to his clients. (*Bates* v. *Stanton*, 1 Duer, 79 ; *Bank of R.* v. *Jones*, 4 N. Y., 497.) It is not carrier's duty to litigate the title. (*Bliven* v. *H. R. R. Co.*, 35 Barb., 188.) Where law allows agent to contract in his own name, he can bring action. (*Considerant* v. *Brisbane*, 22 N. Y., 389.) A

right of action on a contract cannot be denied to the contracting party. Angell on Carriers, §§ 500, 503; *Dows* v. *Cobb*, 12 Barb., 310, 316; *Sargent* v. *Morris*, 3 Barn. & Ald., 277, 280; *Minturn* v. *Main*, 7 N. Y., 220, 224; *Stillwell* v. *Staples*, 19 id., 401; 32 id., 440; *Fitzhugh* v. *Wiman*, 9 id., 559; *Horton* v. *Morgan*, 19 id., 170; *Grinnell* v. *Schmidt*, 2 Sandf., 706, 710; *Freeman* v. *Fulton Fire Ins. Co.*, 14 Abb. Pr., 398; Story on Agency, §§ 161, 162, 393.) Plaintiff can maintain action under section 113 of the Code. (*Considerant* v. *Brisbane*, 22 N. Y., 389; *Grinnell* v. *Schmidt*, 2 Sandf., 706; *Roland* v. *Phalen*, 1 Bosw., 43; *Padden* v. *Williams*, 1 Robt., 340; *Bogart* v. *O'Regan*, 1 E. D. Smith, 590; Story on Agency, §§ 161, 162, 393.)

PECKHAM, J. To sustain an action against a common carrier for failing to deliver goods, the plaintiff must be the owner, or have some special interest in them. (*Krulder* v. *Ellison*, 47 N. Y., 36; *Green* v. *Clarke*, 12 N. Y., 343.) *Prima facie*, the consignee is the owner.

If this had been a sale of goods by the consignor, ordered by the consignee, without stating in what way or manner to send them, but only where, the consignor would have had sufficient title to maintain the action—because the title in such case, as a general rule, would not pass by the mere delivery to the carrier. In this case, however, the plaintiff never owned the money ordered to be sent to the consignee, and had no special interest in it. He was a mere agent. Hence if he simply fulfilled the orders of the owners and sent the money to the consignee by a suitable and proper conveyance, his duties and liabilities were discharged. He then had no further right or interest in the matter.

The action was brought and tried upon the assumption that the plaintiff properly collected and sent the money due from the government to the Whites. There was no allegation or suggestion that he had not sent the money he received by the usual and proper mode, that he had not fulfilled the directions of the Whites, that he was not authorized by them to

do precisely what he did — the referee has substantially so found as matter of fact, and there is no exception to any of his findings of fact. It is too late here for the plaintiff to attempt to vary these findings of fact to sustain his judgment.

It is the right and interest of the defendant to see that the package is delivered to none but the true owner. A wrongful recovery against this defendant will afford it no defense as against the true owners or their representatives.

This is not a case of a fictitious consignee. The Whites were alive and in the civil war. This was their pay, and if they have died since this proceeding, that gives no right to this plaintiff to sue upon these facts. It follows that the referee erred in finding for the plaintiff, and the judgment of the General Term affirming that judgment must be set aside and a new trial granted, costs to abide event.

All concur, except ALLEN, J., not sitting, and RAPALLO, J. not voting.

Judgment reversed.