WALTER R. HYMAN, APPELLANT, *v.* THE CENTRAL VERMONT RAILROAD COMPANY, RESPONDENT.

*Common carriers — connecting lines — delivery of a trunk to one of them — liability for its loss.*

R. Hyman, having purchased of the Central Vermont Railroad Company a ticket from Norwood to Moira, at the same time checked his trunk from Norwood to Tupper's Lake, on the Northern Adirondack Railroad, which latter road connected with the Central Vermont Railroad Company at Moira, where there is a union station and only one baggageman for both roads.

The trunk arrived at Moira in the afternoon and was placed in the common baggage-room to be forwarded to Tupper's Lake on the next day, but the next night the depot burned up and the trunk was destroyed. In an action brought by Hyman, in a Justice's Court, against the Central Vermont Railroad Company to recover for its loss, a judgment was rendered in his favor, but was reversed on appeal.

Upon an appeal by him from the judgment of reversal.

*Held,* that the Central Vermont Railroad Company was liable, under section 48 of chapter 565 of the Laws of 1890, as a common carrier for a trunk to be transported to any place on a connecting line.

That, although not liable upon the check as a contract, it was bound to deliver the trunk to the connecting line for further transportation, and to free itself from liability must establish the fact of such delivery.

That, upon the facts, no such unequivocal act of delivery to the Northern Adirondack Railroad was shown as would charge that road with liability and relieve the defendant.

APPEAL by the plaintiff Walter R. Hyman from a judgment of the County Court of St. Lawrence county, entered in the office of the clerk of said county on the 28th day of May, 1892, reversing

a judgment rendered by a justice of the peace in favor of the plaintiff for $171.50 and costs.

*N. M. Claflin,* for the appellant.

*Louis Hasbrouck,* for the respondent.

MAYHAM, P. J.:

Appeal from a judgment of the St. Lawrence County Court, reversing a judgment of a Justice Court in favor of the plaintiff. The defendant is a railroad company owning or controlling a railroad for the transportation of passengers between a station called Norwood and one on the same road called Moira, at which latter station the Northern Adirondack Railroad connected with that of the defendant's. At Norwood, plaintiff purchased a passenger ticket to Moira, and, at the same time, took a check for his trunk from Norwood to Tupper's Lake, a station beyond Moira on the Northern Adirondack. The baggage-station at Moira, on the defendant's road, is a union station used by that road and the Northern Adirondack Railroad Company, jointly, at which station the baggagemaster of the two companies is the same person.

The plaintiff's trunk was carried, on this check, from Norwood to Moira on the defendant's train, and on its arrival at the latter place was taken by the common agent of these companies and placed in this baggage-room, in the place where the baggage was usually placed which was to be forwarded on the Northern Adirondack Railroad. This was about four o'clock on Saturday, September twenth-sixth. On the next night, Sunday, September twenty-seventh, the station and baggage-room at Moira, with this trunk and its contents, were destroyed by fire.

On these facts the justice gave judgment for the plaintiff, which was, on appeal, upon questions of law only, reversed by the St. Lawrence County Court, and from that judgment of reversal the plaintiff appeals to this court.

The defendant is a common carrier of passengers and baggage, and as such is liable for baggage of passengers, which it assumes to carry, for all loss or destruction, except by the act of God or public enemies.

Having taken the baggage in its possession for transportation, it assumed the burden, in order to relieve itself from liability for loss,

of showing that it discharged that duty by delivering it at its point of destination, or delivering it to the succeeding carrier to be so delivered.

Section 48 of chapter 565 of the Laws of 1890, provides that: "Every railroad corporation doing business in this State * * * shall be liable, as a common carrier, for the transportation of passengers or delivery of freight received by it to be transported to any place on the line of a connecting road," etc. And also provides for the liability to them of connecting lines for losses which may be suffered on such lines.

If, therefore, we could treat this check as a contract on the part of the defendant to deliver this baggage at Tupper's Lake, then the liability of the defendant could not be questioned. But it was held in *Isaacson* v. *New York Central and Hudson River Railroad Company* (94 N. Y., 278) that the baggage check is not regarded as a contract on the part of the carrier which issues it, but simply a means of identification of the baggage at the end of the route.

But if we are not at liberty to regard this check as a contract on the part of the defendant to deliver this baggage at Tupper's Lake, then it was a contract to deliver to the connecting line to be transported thither, and the defendant must establish such delivery before it can be relieved from the obligation of its undertaking as a common carrier.

The check indicated upon its face that the baggage was to be carried to Tupper's Lake, and made it the plain duty of the defendant to forward it by the Northern Adirondack Railroad to that point. This it could not do without a delivery to that road. (*Rawson* v. *Holland*, 59 N. Y., 611; *Jennings* v. *Grand Trunk R. R. Co.*, 127 id., 445.) No such delivery was in this case shown. To constitute such delivery there should be some act of the carrier so that if it was discharged the succeeding line would be charged with the care and custody of the goods.

*Goold* v. *Chapin* (20 N. Y., 264). In this case the court say: "No owner can be supposed to have an agent to superintend each transhipment of his goods, * * * and if the responsibility of each carrier is not continued until delivery in fact to the next carrier, or at least until the first carrier, by some act clearly indicating his purpose, terminates his relation as carrier, we shall greatly diminish

the security and convenience of those whose property is necessarily abandoned to others."

We see nothing in the act of the agent indicating that he had transferred this baggage from the custody of the defendant to the Northern Adirondack Railroad, and there is no such unequivocal act of transfer as would charge that company if the action had been prosecuted against it. In this class of bailment the security of the public can only be conserved by holding the first carrier to such unequivocal acts of transfer of possession to a succeeding line as will make it possible for the owner of goods to charge such succeeding line before the first carrier should be released from its obligation.

We think the learned county judge erred in holding that this trunk was delivered to the Northern Adirondack Railroad Company by the defendant.

The judgment of the County Court should be reversed and that of the justice affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment of County Court reversed, with costs, and that of the justice affirmed.