(8 Misc. Rep. 213.)

### LECHOWITZER v. HAMBURG–AMERICAN PACKET CO.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

1. CARRIERS—LIMITATION OF LIABILITY—ASSENT BY PASSENGER.

   An assent by a passenger to a limitation of the carrier's liability will not be implied when such limitation is communicated to the passenger, for the first time, after he has paid his fare, and is in a situation, by the act of the carrier, which does not admit of his declining the conveyance and reclaiming his baggage.

2. SAME—CONSUMMATION OF CONTRACT.

   The contract of carriage is consummated when the passenger pays, and the carrier accepts, the fare. If no special agreement be then made, the conditions of carriage are prescribed by law; and any subsequent assent by the passenger, without a separate consideration, to a limitation of the carrier's liability, is nudum pactum, and void.

3. CONTRACTS—CONSIDERATION—MUTUAL PROMISES.

   A promise to do what one is already bound by contract to do is no consideration for a counter engagement.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Chaim Lechowitzer against the Hamburg-American Packet Company. From a judgment of the city court (27 N. Y. Supp. 140) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Everett P. Wheeler, for appellant.
Nicholas Aleinikoff, for respondent.

PRYOR, J. A judgment for the plaintiff in an action for loss of baggage against an ocean carrier is challenged on appeal for alleged errors of the court in the charge, in the refusal to dismiss the complaint, and in the exclusion of evidence.

1. It is insisted that the action miscarried for failure of proof that

the contract of transportation was by the defendant company, but, if so, then because no evidence was adduced of negligence on the part of the defendant. Defendant's contention—urged, however, obliquely rather than explicitly—is that the steamer Sorrento, on which plaintiff became a passenger, was of the Union Line, and not in the service of the defendant company. But the evidence for plaintiff was ample to justify the conclusion that the Sorrento was in the employ of the defendant, either alone or in association with the other company, or else that at all events the defendant had engaged for the carriage of the plaintiff, no matter by whose steamer. And how, upon this point, did the defendant meet the plaintiff's proof? By the statement of its clerk (its solitary witness) that "the Sorrento is not one of those vessels that belong to the defendant company only,"—a plain intimation that the defendant had an interest in the Sorrento, and an equally distinct implication that, though the Sorrento did not "belong" to the defendant, yet nevertheless it was carrying for the defendant. If the Sorrento were not in the service of the defendant, or if the defendant did not contract for the carriage of plaintiff, clear and conclusive proof of these facts was necessarily within the power of the defendant; and failure to produce such proof reinforced plaintiff's evidence by an obvious and persuasive presumption. Upon evidence susceptible of diverse inferences, the learned trial judge instructed the jury that "if you believe the steamer which carried this baggage was not the property of the defendant, and that the defendant had no connection with it, the plaintiff cannot recover." On the issue so presented, the jury found for the plaintiff, and we are concluded by their verdict. Similarly, on the question of defendant's negligence, we are satisfied that the evidence is sufficient to sustain the fact. But, though otherwise, the liability of the defendant still remains; for the obligation of a common carrier by sea is as insurer against all casualties except by act of God or the public enemy (2 Kent, Comm. 599, 600; Wheeler v. Navigation Co., 125 N. Y. 155, 160, 26 N. E. 248), and "the burden of showing delivery of baggage to the passenger is upon the defendant" (Matteson v. Railroad Co., 76 N. Y. 381; Tarbell v. Shipping Co., 110 N. Y. 170, 17 N. E. 721; Isaacson v. Railroad Co., 94 N. Y. 278). Immediately on landing, and persistently afterwards, the plaintiff demanded delivery of his baggage, but without effect. The responsibility of the defendant is clear and incontestable. It was not error, therefore, to deny a dismissal of the complaint.

2. It is urged, furthermore, that the learned trial judge erred in excluding evidence that the Sorrento was not the property of the defendant. That may be, and yet the steamer might have been in the service of the defendant, and the identical vessel on which it undertook to carry the plaintiff. But defendant's objection is avoided by a still more decisive answer, namely, that the evidence, the supposed rejection of which is the subject of criticism, was received, and from the very witness by whom it was offered, who said: "The Sorrento is not one of those vessels that belong to the defendant company only."

3. To diminish the amount of recovery, defendant introduced a ticket, claimed to have been given to plaintiff, containing the clause that "the indemnity for lost baggage will in no case exceed fifty dollars." Upon this the court charged that, to bind the plaintiff, the provision must have been assented to by him; that "the mere fact of the paper not having been read to him would not exempt him from the terms of the contract;" that "if, by any means, he assented to its terms, he would be bound by it equally as if he had read it." To the instruction the defendant excepts; but we are of opinion that, if not correct, it is at least as favorable to defendant as consists with legal principle. The paper relied on as limiting defendant's liability was not given to him when and where he paid for his passage, but days afterwards, when he was already at sea on the steamer, and powerless to repudiate the pretended contract. When a party has no freedom to reject a proposed stipulation because then unable to reinstate himself (here to reclaim his baggage and decline the carriage by the defendant), an inference of his assent to the stipulation would be simply preposterous. His proceeding on the voyage and suffering his baggage to remain with the carriers were compulsory, and can therefore imply no assent to terms of transportation then, for the first time, communicated to him. Smith v. Brady, 17 N. Y. 173, 187, 189. Further argument in support of the proposition would be an affront to common sense; a judicial decision in negation of the proposition would be a mockery of justice.

Though altogether unnecessary, it may be added that the contract for plaintiff's carriage was consummated when he paid, and the defendant accepted, the money for his passage; that, no terms of conveyance being then agreed, the law prescribed the conditions of plaintiff's carriage; and that his after assent, even though express, to the limitation of liability claimed by defendant, would have been nugatory, because without consideration. The defendant was already bound to carry the plaintiff, and an agreement to do what one is already under obligation to do can be no consideration for a counter engagement. Bish. Cont. § 48; Tilden v. Mayor, etc., 56 Barb. 340. The law, no less than the justice, of the case, is with the plaintiff. Judgment affirmed, with costs. All concur.