## SOVIERO v. WESCOTT EXP. CO.

### (Supreme Court, Appellate Term. June 27, 1905.)

1. CARRIERS—INITIAL CARRIER—CONNECTING LINES—LIABILITY FOR BAGGAGE
—PROOF OF SPECIAL CONTRACT.

An initial carrier of baggage is not liable except by special agreement beyond the terminus of its own route, and the owner of baggage, in order to recover from the initial carrier for a loss occurring on the connecting carrier's line, must prove such special agreement.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1551.]

2. SAME—PROOF OF SPECIAL CONTRACT—RECEIPT FOR BAGGAGE.

A receipt for baggage given by a carrier, which recites, "to be delivered to" a place named, is not a special contract for through transportation.

Appeal from City Court of New York, Trial Term.

Action by Luigi Soviero against the Wescott Express Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Carter, Ledyard & Milburn (Joseph W. Welsh, of counsel), for appellant.

Palmieri & Wechsler, for respondent.

SCOTT, P. J. The plaintiff's assignor delivered to defendant at the Barge Office in the city of New York the checks for three trunks which had just been brought from Europe by the assignor's wife. Defendant's agent asked where the trunks were to go, and was given an address in Trenton, N. J. He thereupon gave the assignor a receipt containing the date, and the numbers of the checks, and otherwise reading as follows:

"Received articles numbered as in the margin hereof, subject to the conditions printed on the back of this receipt to be delivered to

Name                     P. Spinna.
Address                  234 Hamilton, Trenton, N. J.
Charges Col."

Printed in red ink across the face was: "Read contract on back—Liability limited to $50." On the back were printed the familiar limitations usually found upon express company receipts respecting the amount of liability, freedom from liability after delivery to connecting carriers, and a limitation of the time within which claim should be made in case of loss. Under the instructions of the court the jury must have found—and properly—that the special contract printed on the back of the receipt was not so brought to the knowledge or attention of plaintiff's assignor as to justify a finding that he assented thereto. The question at issue between the parties must therefore be determined by the common-law obligation of the defendant. This action is for the value of one trunk and its contents which was never delivered. It was shown that the defendant only delivered baggage in the city of New York, and that, when baggage was to go out of the city, it was delivered to another carrier. In the present case it was proven that the trunk in question

was delivered by defendant to the United States Express Company to complete the transportation to and delivery at Trenton. The loss, therefore, occurred while the trunk was in the custody of the latter company, and the question is whether, under the circumstances, the defendant is liable. In his colloquial charge the learned justice charged as follows:

"It appears from the testimony here that this trunk was delivered to another express company, so, under the provisions of this contract (the conditions printed on the back of the receipt), if you find it to be a contract, the defendant company would be absolved from liability when it turned the trunk over to the United States Express Company, provided that the contract and its terms were assented to by the plaintiff's assignor. If it was not assented to by plaintiff's assignor, the defendant company cannot relieve itself of liability upon that ground."

And the learned justice refused to charge, when requested by defendant:

"First. Though the defendant received the property marked for a place beyond its own lines, in the absence of a special contract to carry through to final destination, it is not liable for a loss occurring after delivery in the regular course of business to the next connecting carrier, whether or not the shipper has knowledge of such course of business."

And also refused to charge:

"Third. Unless the jury find there was a clear and explicit contract between the parties that the defendant should carry through to Trenton, the defendant is not liable for any loss which occurred after the property has passed out of its hands to the next connecting carrier."

The effect of the colloquial charge, and of the refusal to charge in the particulars above cited, was to instruct the jury that, in the absence of any special contract, the defendant was liable for a loss which had occurred after it had delivered the trunk to the connecting carrier. The law is exactly to the contrary. Marmorstein v. Pa. R. R. Co., 13 Misc. Rep. 32, 34 N. Y. Supp. 97; Jennings v. G. T. R. Co., 127 N. Y. 438, 28 N. E. 394; Rawson v. Holland, 59 N. Y. 611, 17 Am. Rep. 394. By these and a multitude of other cases it is firmly settled that a common carrier, except by special agreement, is not liable beyond the terminus of his own route, and after he has duly delivered the goods to a connecting carrier for forwarding to their ultimate destination. Unless, therefore, the plaintiff showed such special contract, he failed to establish a right to recover. Apart from the conditions printed on the back of the receipt, there was no contract between the parties except such as is to be inferred from the written and printed matter upon the face of the receipt. The only item bearing upon the question of delivery was the statement that the trunks were to be delivered to the stated address in Trenton. The learned justice correctly charged the jury that the mere fact that the receipt read, "to be delivered to" Trenton, did not of itself constitute a contract by the defendant to carry through to Trenton. Wright v. Boughton, 22 Barb. 561; Van Santvoord v. St. John, 6 Hill, 157; Root v. G. W. Railway Co., 45 N. Y. 524; Marmorstein v. Pa. R. R. Co., supra. But if the designation in the receipt of the place of delivery did not constitute a

special contract for through transportation, there was no such contract, and the defendant rested solely under its common-law liability, which was discharged when it had safely delivered the trunk to the connecting carrier.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.