(83 Misc. Rep. 59.)

### MILLER v. HARVEY.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. SALES (§ 161*)—DELIVERY TO CARRIER.

Under Sales of Goods Act (Laws 1911, c. 571) § 127, subd. 2, providing that unless otherwise authorized by the buyer the seller must make such contract with the carrier on behalf of the buyer as may be reasonable, and if the seller omits to do so, and the goods are lost or damaged in transit, the buyer may decline to treat the delivery to the carrier as a delivery to himself, a buyer may refuse to treat a delivery of goods to an express company as a delivery to himself, where under the contract of shipment he could in case of loss recover only half of their value; the contract made by the seller not being a reasonable one.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 377–380; Dec. Dig. § 161.*]

2. SALES (§ 161*)—DELIVERY TO CARRIER.

A general custom among merchants and shippers not to place a valuation upon merchandise sent by express will not excuse the shipper so as

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to make a delivery to the express company a delivery to the buyer, for no custom, however general, will be ingrafted into the law unless reasonable and just.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 377–380; Dec. Dig. § 161.*]

3. SALES (§ 347*)—ACTIONS FOR PURCHASE PRICE—RECOVERY.

Defendant bought automobile tires, paying for them in advance, and the shipment was lost by the express company. Thereafter, at defendant's request, plaintiff sent him another shipment. *Held* that, as defendant was entitled to refuse to accept the delivery of the first shipment to the express company as a delivery to himself because the contract of shipment allowed him to recover only one-half of the value of the goods if lost or destroyed, plaintiff could not recover the purchase price of the duplicate shipment.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 962–972; Dec. Dig. § 347.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Charles E. Miller against George Harvey. From the judgment, both plaintiff and defendant appeal. Reversed, and complaint dismissed, with costs.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Herman Goldman, of New York City (Arthur W. Weil, of New York City, of counsel), for plaintiff.

John Larkin, of New York City (Alex'r S. Andrews, of New York City, of counsel), for defendant.

PAGE, J. On or about July 17, 1912, the plaintiff sold automobile tires to the defendant at an agreed price of $95.43, which sum the defendant paid to the plaintiff. The plaintiff on the same day delivered the said tires to the United States Express Company properly directed to the defendant at Allenhurst, N. J. The contract of carriage made by the plaintiff with the express company provided that, unless a valuation were expressly placed upon the goods and a proportionally higher rate paid for transporting them, the liability of the carrier in case of loss, damage, or destruction in transit should be limited to $50. The receipt issued to the plaintiff stated, "Value asked and not given." The tires were lost in transit and never delivered to the defendant, and it is conceded that the liability of the express company for them is limited to $50. Thereafter and on August 3, 1912, the plaintiff, having been notified by the defendant of the nonarrival of the goods, sent to him at his request a duplicate shipment, which was delivered by the express company and the express charges thereon paid by the defendant. This action is brought to recover the purchase price of the second lot of tires which was duly demanded of the defendant and which he refused to pay. The defendant sets up as a defense and by way of counterclaim the fact that he paid for the first set of tires and did not receive them. The plaintiff claims that a delivery of the tires to the express company for the defendant was a sufficient delivery to the defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] This case is controlled by section 127, subd. 2, of the Sales of Goods Act (Laws of 1911, c. 571) which states:

"Unless otherwise authorized by the buyer, the seller must make such contract with the carrier on behalf of the buyer as may be reasonable, having regard for the nature of the goods and the other circumstances of the case. If the seller omits so to do, and the goods are lost or damaged in course of transit, the buyer may decline to treat the delivery to the carrier as a delivery to himself, or may hold the seller responsible in damages."

I am of the opinion that, when the plaintiff shipped the goods under a contract whereby the defendant could only recover half of their value if lost or destroyed in course of transit, he failed to make a "reasonable contract with the carrier on behalf of the buyer," and the defendant was accordingly within his rights in declining to treat the shipment of the goods under such a contract as a delivery to him.

[2] The plaintiff attempted to prove that there was a general custom among merchants and shippers not to place a valuation upon merchandise sent by express. The proof of such a custom was insufficient, but, had it been proved to be a general custom, it should not be adopted by the courts as a rule of law, for no custom, however general, will be so ingrafted into the law unless it be reasonable and just. It is neither reasonable nor just for shippers to deliver goods to a carrier on behalf of their consignees under contracts which fail to indemnify them and destroy their right of recovery for loss of the goods so consigned.

[3] Though the learned trial justice reached this same conclusion both upon the facts and the law, he committed error in awarding judgment for the plaintiff. The defendant, as he was entitled to do under section 127, subd. 2, of the Sales of Goods Act, supra, elected to treat the delivery of the goods by the plaintiff to the express company as no delivery to him. He had paid full price for the goods and had never received them. That being the case, his damages for failure of delivery by the plaintiff were their full value. Whether his plea was a defense or a counterclaim, the result should have been the same. The complaint should have been dismissed upon the merits, with costs, leaving the plaintiff to establish his claim against the express company.

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs. All concur.