### D'UTASSY v. BARRETT.

(Supreme Court, Appellate Division, First Department. March 10, 1916.)

CARRIERS ⬉158(3)—CARRIAGE OF GOODS—LIMITATION OF LIABILITY—THEFT OF GOODS.

    Where goods were shipped, the receipt stipulating that the express company should not be liable in any event for more than $50 on any shipment of 100 pounds or less, etc., and the goods were stolen by the carrier's employés, the shipper could not recover therefor in excess of the stipulated amount.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 708; Dec. Dig. ⬉158(3).]

Appeal from Special Term, New York County.

Action by Leo L. D'Utassy against William M. Barrett, as president of the Adams Express Company. From an order overruling his demurrer, plaintiff appeals. Order affirmed, with leave to withdraw the demurrer.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Arthur W. Clement and Wilson E. Tipple, both of New York City, for appellant. William D. Guthrie and Edward V. Conwell, both of New York City, for respondent.

SMITH, J.   The action was brought to recover the value of five shipments of goods shipped by the plaintiff with the defendant express company which had been stolen by the latter's employés.   The express receipt contains the following statement:

"In consideration of the rate charged for carrying said property which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars for any shipment of 100 pounds or less, and not exceeding fifty cents per pound for any shipment in excess of 100 pounds, unless a greater value is declared at time of shipment, the shipper agrees that the company shall not be liable in any event for more than fifty dollars ($50) on any shipment of 100 pounds or less, and for not exceeding fifty cents per pound on a shipment weighing more than 100 pounds, and said property is valued at, and the liability of the company is hereby limited to, the values above stated, unless a greater value is declared at the time of shipment, and charge for value paid or agreed to be paid therefor."

And this limitation was set up by the defendant as a defense to the recovery of more than $50 in the case of each shipment.

The court below held that the plaintiff was bound by this statement, and could recover, not the actual value of the goods, but merely $50 in each case.

Since the Carmack Amendment (Act June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 593 [U. S. Comp. St. 1913, § 8592]), it has been repeatedly held that, as was the case previous to that amendment, stipulations as to value in a contract of shipment preclude a shipper from showing that the actual value was greater than that declared at the time of fixing the rate.   Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; Kansas City So. v. Carl, 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683; De Rochemont v. Boston & Maine R. R. Co., 157 N. Y. Supp. 177. The ground upon which this rule of law is held in the United States courts is that, where the value is fixed to govern the charge for transportation, the shipper is estopped from claiming a greater value in case of loss.   In Kansas Southern Ry. v. Carl, supra, the opinion in part reads:

"But when a shipper delivers a package for shipment and declares a value, either upon request or voluntarily, and the carrier makes a rate accordingly, the shipper is estopped upon plain principles of justice from recovering, in case of loss or damage, any greater amount.   The same principle applies if the value be declared in the form of a contract.   If such a valuation be made in good faith for the purpose of obtaining the lower rate applicable to a shipment of the declared value, there is no exemption from carrier liability due to negligence forbidden by the statute when the shipper is limited to a recovery of the value so declared.   The ground upon which such a declared or agreed value is upheld is that of estoppel."

The opinion then quotes from the case of Hart v. Pennsylvania Railroad, 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717:

"If the shipper is guilty of fraud or imposition, by misrepresenting the nature or value of the articles, he destroys his claim to indemnity, because he has attempted to deprive the carrier of the right to be compensated in proportion to the value of the articles and the consequent risk assumed, and what he has done has tended to lessen the vigilance the carrier would otherwise have bestowed."

The plaintiff admits the binding effect of the agreed valuation in cases where the wrong complained of arises in some breach of the contract duty of the defendant, but contends that, where the wrong complained of is in the nature of a tort or conversion totally independent of or rather superimposed on a breach of the contract duty, the shipper may elect to consider the contract as abrogated or abandoned by the defendant, and may charge him on common-law principles with the full value of the goods.

A number of New York and other cases are cited by appellant in support of this proposition, but practically all of them involve a conversion in the course of the carrier's effort to perform the contract of carriage, such as a deviation from the agreed route, an unwarranted delay, a misdelivery, etc., in which case it is quite proper to say that the conversion is by the carrier itself, and that for such conversion the carrier should be liable in tort independently of the contract. But the instant case presents a totally different question, since the conversion of the goods was by an employé for his own benefit. His acts in furtherance of this purpose were not company acts, but the acts of a stranger. But for not preventing the theft the company through its agents, including the thief, was negligent. It was a part of the contract of carriage to prevent thefts by any one, including their own employés. The failure to do this constituted a breach of contract for which the company is liable, but to which, however, the limitation of liability contained in that contract applies.

An analogy to this reasoning is furnished by cases holding that the company is liable for an assault on a passenger by a conductor or employé, because it was that employé's duty to protect the passenger, and in assaulting him himself he not only committed a tort on his own account, but committed a breach of the contract on the company's account. Dwinelle v. N. Y. Central & Hudson River R. Co., 120 N. Y. 117, 24 N. E. 319, 8 L. R. A. 224, 17 Am. St. Rep. 611; Stewart v. Brooklyn & C. R. Co., 90 N. Y. 588, 43 Am. Rep. 185; McLeod v. N. Y., Chicago & S. L. R. R. Co., 72 App. Div. 116, 76 N. Y. Supp. 347.

That the policy of the Supreme Court is to hold the shipper to the declared value of his goods in all cases would seem to be indicated by the holding in the case of Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Dettlebach, reported 239 U. S. 588, 36 Sup. Ct. 177, 60 L. Ed. ——, where it was held that for goods lost after they had reached their destination and while the responsibility of the railroad was as warehouseman, the shipper is confined in his action for loss of such goods to the value declared at the time of shipment.

The reasoning upon which the limitation is applied to a recovery for goods lost through the negligence of an employé applies with equal force to a recovery claimed for goods lost by reason of his theft. The greater charge for transportation at the greater value is not only to enable greater care in its transportation, but to enable the company to provide greater safeguard against theft by its employés. This holding is no encouragement to a dishonest shipper, who can always protect himself by an honest declaration of the value of his goods,

and thereby the shipper gets the exact protection for which he has paid.

The order should be affirmed, with $10 costs and disbursements, with leave to plaintiff to withdraw the demurrer on payment of costs in this court and in the court below. Order filed. All concur.