### NOEL v. WESTCOTT EXPRESS CO.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

1. COMMERCE ⊜==33—CARRIAGE OF GOODS—INTRASTATE CHARACTER OF CONTRACT OF TRANSPORTATION.

Where plaintiff, holding a railroad ticket from Tuxedo to New York, over a route passing through New York and New Jersey, went to the baggage department of the road at Tuxedo and arranged to have his bag transferred to his house in New York City, paying 40 cents for a transfer check, the expressman taking possession of the bag, which the road delivered to an express company in New York City for delivery, the express company, in handling the bag, was engaged in intrastate commerce.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 26, 81; Dec. Dig. ⊜==33.]

2. CARRIERS ⊜==173—AGENCY BETWEEN RAILROAD AND EXPRESS COMPANY.

Where a railroad issued a "special delivery check" for a bag received by its express agent, the check being designed, as stated by its rules, "for the checking of baggage from any line station to residences, hotels, steamboat piers, or railroad stations," doing so under direction of a passenger that the bag be transported at the end of his journey to his house, the railroad receiving 4 cents of the total charge of 40 cents for

---

⊜==For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the service, the railroad acted as agent of the express company, which carried from the station to the passenger's house.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 760–763, 781–784; Dec. Dig. ☞173.]

**3.** CARRIERS ☞173—CARRIAGE OF BAGGAGE—THROUGH SHIPMENT.

Where a railroad issued to a passenger a special delivery check for delivery of his baggage from the railroad terminal to his house, it was not liable to the passenger, as upon a through shipment, for loss of the bag between the terminal and house, while in the hands of the express company, for which the road acted as agent in issuing the check, since, in the absence of special contract for a through shipment, a common carrier is not liable beyond the terminus of its own route, while the baggage check did not evidence a special contract.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 760–763, 781–784; Dec. Dig. ☞173.]

**4.** COMMERCE ☞33—LOCAL BAGGAGE CARRIER—"COMMON CARRIER."

A local baggage carrier, transporting baggage from a railroad terminal to residences, etc., in a city, though performing services connected with interstate passenger traffic, is not a common carrier or express company, subject to the provisions of the Carmack Amendment (Act Cong. June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 595 [U. S. Comp. St. 1913, § 8592]).

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 26, 81; Dec. Dig. ☞33.

For other definitions, see Words and Phrases, First and Second Series, Common Carrier.]

**5.** CARRIERS ☞400—CARRIAGE OF BAGGAGE—LIMITATION OF LIABILITY—STATUTE.

The limitation of Public Service Commissions Law (Consol. Laws, c. 48) § 38, providing that the value of baggage carried in excess of $150 shall be stated upon delivery to the carrier, who may make a reasonable charge for the assumption of liability in excess of the amount, is not available to an express company, the agent of which, a railroad, in receiving a passenger's bag, did not ask him to state its value.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1531–1534; Dec. Dig. ☞400.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Louis W. Noel against the Westcott Express Company. From a judgment for plaintiff for $100, with interest and costs, he appeals. Judgment modified, by increasing the amount to $250, and, as modified, affirmed.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Augustin Derby and Lyle E. Mahan, both of New York City, for appellant.

Carter, Ledyard & Milburn, of New York City (Milton C. Lightner, of New York City, of counsel), for respondent.

GUY, J. On the morning of November 10, 1914, the plaintiff, having in his possession a railroad ticket over the Erie Railroad from Tuxedo to New York, went to the baggage department of the station at Tuxedo and asked the expressman to have his bag transferred to

his house in New York City. The expressman told plaintiff that the transfer check would cost 40 cents, and plaintiff paid that amount and got a receipt for it; the expressman taking possession of the bag. Plaintiff was not asked the value of the property, and he did not state it. He went to New York that morning over the Erie, but never got his bag or its contents, and the action is brought to recover the value of the property, which was admittedly received by the defendant from the railroad company. A shipment from Tuxedo to New York over the Erie Railroad passes through New Jersey.

The theory of the action is that the Erie Railroad Company, as the agent of defendant, arranged at Tuxedo for the transportation of plaintiff's bag to New York; that as such agent it collected on behalf of the defendant the transportation charges; and that defendant, a New York common carrier, by reason of its breach of contract and its failure to perform its duty as a common carrier, is liable for the value of the property.

Defendant, claiming the benefit of certain rules and regulations, or so-called tariff, of the railroad company, filed, pursuant to act of Congress, with the Interstate Commerce Commission, made an offer of judgment for $100 and costs. The court, after a trial of the issues, gave judgment for plaintiff for $106 damages, with costs in addition; and it is stipulated by the parties that the decision of the court limited plaintiff's damages to $100 under section 16b of the Erie Railroad tariff, providing that the value of property shipped be agreed to be not in excess of $100, unless greater value is declared and an extra charge paid, and that such decision included in the damages granted $6 for one year's interest.

[1] As the holder of a ticket over the Erie Railroad from Tuxedo to New York the plaintiff was entitled to have his bag carried by the railroad company to its terminal in New York City free of charge. Performance of the contract made by the plaintiff with that company at Tuxedo for delivery of his bag at his house could not begin until the bag arrived at the New York terminal. It is evident, therefore, that in handling the bag under the contract made at Tuxedo the defendant was engaged in intrastate, not interstate, commerce. In this respect the case is similar to State of New York ex rel. Pennsylvania R. R. Co. v. Knight, 192 U. S. 21, 24 Sup. Ct. 202, 48 L. Ed. 325. There the railroad disputed the validity of a license tax imposed by the city of New York upon the cab service established by the railroad solely to transfer passengers who were coming from or going on interstate trips, from the railroad terminal to points in the city and vice versa; the railroad asserting that the cabs were engaged in interstate commerce, and therefore not subject to domestic taxation of the kind imposed. The court, in overruling that contention and sustaining the validity of the tax, said (192 U. S. 27, 24 Sup. Ct. 204, 48 L. Ed. 325):

"The cab service is rendered wholly within the state, and has no contractual or necessary relation to interstate transportation. It is either preliminary or subsequent thereto. It is independently contracted for, and not necessarily connected therewith. But, when service is wholly within a state, it is presumably subject to state control. The burden is on him who asserts that, though actually within, it is legally outside, the state; and un-

less the interstate character is established, locality determines the question of jurisdiction."

[2] Under section 2 of the railroad's rules and regulations it is provided that baggage checks "will only be issued to destination of ticket, or to points where stop-overs are allowed, and only via route of ticket"; and by section 30b it is provided that agents "must not under any circumstances take baggage beyond the destination of transportation presented." But as to "special delivery baggage" section 33 is as follows:

"Special delivery check [such as was given to plaintiff] is designed for the checking of baggage from any line station to residences, hotels, steamboat piers, or railroad stations in the cities shown in the following schedule. Special delivery charges should be prepaid."

And then follows "Westcott Express Company, New York City," with rates according to zones in the borough of Manhattan. The plaintiff's bag was delivered to the defendant by the railroad at the railroad's terminal in New York, and of the charge of 40 cents the defendant's share was 36 cents. These facts authorize the conclusion that in the shipment in question the railroad acted as the agent of defendant.

[3, 4] The railroad company, as principal, would not have been liable to the plaintiff as upon a through shipment, because in the absence of a special contract for a through shipment a common carrier is not liable for a shipment beyond the terminus of its own route, and the baggage check did not evidence a special contract. Soviero v. Westcott Express Co., 47 Misc. Rep. 596, 94 N. Y. Supp. 375. The respondent claims, however, that by the Carmack Amendment (chapter 3591, U. S. Stat. at Large 1905–1907), enacted subsequent to the decision of the Soviero Case, the railroad company and the defendant were connecting carriers, and that therefore the railroad company became liable to plaintiff as upon a through shipment. But that position is not tenable, for it has been decided that a local baggage carrier like the defendant, although performing services connected with interstate passenger traffic, is not a common carrier or express company subject to the provisions of the act to regulate commerce. In re Frank Parmalee Company, 12 Interst. Com. R. 40; Wylie v. Northern Pacific R. Co., 11 Interst. Com. R. 145.

Further, the railroad company failed to prove that its schedules were posted at Tuxedo, and such posting appears to be a requirement of the federal act, in default of which the statutory limitation is not operative. In any event, the limitation of liability in the Erie tariff was not intended for defendant's benefit, and did not apply to defendant, because the concurrence of the defendant under section 6 of the act was not shown, and its name is not in the list of participating carriers. There was no warrant, therefore, for giving the defendant the benefit of the interstate commerce limitation in the Erie tariff, and the law of New York governs the disposition of the controversy.

[5] Section 38 of the Public Service Commissions Law provides that common carriers, including transportation companies, are liable for the full value of property carried as baggage, "but the value in ex-

cess of one hundred and fifty dollars shall be stated upon delivery to the carrier, and a written receipt stating the value shall be issued by the carrier, who may make a reasonable charge for the assumption of such liability in excess of one hundred and fifty dollars." In Robinson v. N. Y. C. & H. R. R. Co., 145 App. Div. 391, 129 N. Y. Supp. 1030, affirmed 203 N. Y. 627, 97 N. E. 1115, it was held that the limitation is not available to carriers unless they inquire of passengers the value of their baggage, and· that a failure to make such inquiry is a waiver of the benefits of the provision. See Meister v. Woolverton, 140 App. Div. 926, 125 N. Y. Supp. 439. As the uncontradicted evidence in this case is that the plaintiff was not asked to state the value, the limitation is not operative.

Judgment modified, by increasing the amount to $250 and appropriate costs in the court below, together with $25 costs of this appeal, and, as so modified, affirmed. All concur.

