Bogenshutz, J.
Plaintiff sues the defendant to recover the value of several articles of merchandise given by him to the defendant for transportation and delivery to certain consignees and lost in transit. The defendant denies liability. Plaintiff, a wholesale dealer in butter, cheese and eggs, received orders from out-of-town customers for the sale and delivery of this kind of goods. The orders were received through salesmen or by mail. When the goods were ready for transportation an agent of the defendant took up the parcels and signed for them in a general express receipt book kept by plaintiff. The several receipts contained the nature and quantity of the article, the name of the consignee, and city or town where delivery was to be made. This book also contained a form of special contract which limited the defendant’s liability in case of loss to fifty dollars, unless a greater value was declared at the time of delivery to the defendant for transportation. In making these shipments no valuation was stated. Plaintiff gave proof of the receipt of the orders from the customers, the delivery of the parcels to defendant’s agent, his signature in the express receipt book, the failure to deliver, and the reasonable value of the articles lost. The defendant rested its case without offering any proof and moved to dismiss on the ground ‘' that plaintiff failed to prove a case; that the title to the goods, on delivery to the defendant for transportation, was vested in the con *148 signees, and they were the proper parties to sue. ’ ’ The general rule is that in a contract to sell, or sale, there is a presumption that delivery to a carrier is delivery to the buyer. Pers. Prop. Law, § 127, subd. 1, as amd. by Laws of 1911, chap. 511; Krulder v. Ellison, 47 N. Y. 37; Levy v. Weir, 38 Misc. Rep. 361; Wertheimer v. Wells Fargo Co., 112 N. Y. Supp. 1063. But this rule submits to exceptions, if a contrary intent be shown. Pers. Prop. Law, §§ 100-127, subd. 1; Fein v. Weir, 129 App. Div. 299; affd., 199 N. Y. 540. By acceptance of the orders and in consummation of the sales plaintiff was empowered to send and deliver the articles to the buyers at the city or town indicated, either through the agency of a carrier or otherwise. So that the rule which presumes title in the consignee upon delivery to the carrier would govern, unless the proof and the surrounding circumstances show a contrary intention and brings this case within the rule of exceptions. The immediate and vital question of this litigation is therefore presented. What was the intent between the plaintiff and buyer? A careful examination of the record in this case, and of the authorities, including those relied on by the defendant, forces the conclusion that the rule asserted by the defendant does not control this case. Section 99 of the Personal Property Law provides:
“ 1. Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transferred.
“ 2. For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade and the circumstances of the case.”
In contracts to sell the kind of articles here ordered (foodstuff) there is an implied warranty that the *149 article shipped is such as is ordered and is wholesome (Pers. Prop. Law, § 96, subd. 2; Burch v. Spencer, 15 Hun, 504), especially so where the buyer has not previously selected or inspected the article shipped. Pers. Prop. Law, § 128, subds. 1-2. In the present case the buyer, not having made a selection or inspection, cannot be charged with acceptance in the absence of an agreement to the contrary. Pierson v. Crooks, 115 N. Y. 539; Plumb v. Bridge, 128 App. Div. 651; Imperial Prod. Co. v. Capitol Chem. Co., 187 id. 599. The buyers gave no orders or instructions as to the method or route of transportation. Delivery was to be made to them at the places designated. Pers. Prop. Law, § 100, rule 5. No precautions were taken by the plaintiff to safeguard the rights of the buyers, either by way of insurance on the articles ordered, or a declaration of the true value in case of a loss in transit. The articles not having been delivered, the buyers had a right to treat the deliveries to the defendant as no delivery binding upon them. Pers. Prop. Law, § 100, rule 5; § 127, subds. 2, 3; Miller v. Harvey, 221 N. Y. 54, affg. 83 Misc. Rep. 59. The consignees have made no claim upon the defendant’s failure to deliver. Prom their attitude under the circumstances it must be assumed they elected to treat the deliveries to the defendant as not binding upon them. Miller v. Harvey, supra. If the buyers could treat the deliveries to the defendant as not binding on them, upon what theory could the latter enforce such an obligation? A recovery by plaintiff would bar an action by the consignees. Green v. Clark, 12 N. Y. 343. Plaintiff is possessed of the right to maintain this action. Thompson v. Fargo, 49 N. Y. 188; Miller v. Harvey, 83 Misc. Rep. 59-62; Hauptman v. Miller, 94 id. 266. The only other question to be considered is that of damages. Although plaintiff has submitted proof of the actual value of the goods lost, he is bound by the rule of law that a shipper is *150 bound by a special contract limiting the amount of a recovery in case of loss. Boyle v. Bush Term. R. Co., 210 N. Y. 398; D’Utassy v. Barrett, 219 id. 420, affg. 171 App. Div. 772. In view of the terms printed upon the shipping receipt book, and the fact that plaintiff failed to declare a value, his right of recovery must be limited, not to exceed fifty dollars on each shipment. D’Utassy v. Barrett, supra; Noel v. Westcott Express Co., 95 Misc. Rep. 154; Foster v. Taylor, 171 App. Div. 511. As several of the shipments embraced more than one article, and only a part lost, the rule of limitation must be pro rata. For these reasons I am forced to deny defendant’s motion for judgment.
Judgment for plaintiff in the. sum of $366.75 in Action No. 1 and for $413.35 in Action No. 2.
Judgments accordingly